## UIM RELEASE

The Claimant, Ernest Foster, for the sole consideration of the sum of Ninety-One Thousand Five Hundred Dollars ($91,500.00), receipt of which is hereby acknowledged, hereby releases and forever discharges American Fire and Casualty Company (hereinafter the "Released Party/Company") and their heirs, executors, administrators, successors, agents, servants, employees and assigns, from any and all claims for loss, damages, costs, contribution, indemnification, or any other thing whatsoever, under his underinsured motorist coverage in insurance policy number DVA 03828597 with American Fire and Casualty Company, on account of, or in any way growing out of, all personal injuries, whether now known or unknown, arising out of an accident or occurrence on or about **June 8, 2008**, at **Stanton, Powell County, Kentucky**.

This Release specifically does not include a release of any of Foster's claims or damages against American Fire for bad faith, violations of the UCSPA, and/or violations of the CPA. This Release relates only to his claim for UIM benefits.

MEDICARE COMPLIANCE. The Claimant acknowledge(s) that he/she or his/her attorney has reported this claim to the Centers for Medicare and Medicaid Services (CMS).

It is further acknowledged that:

    A.    (1)    Claimant is or was Medicare eligible;

               (2)    Claimant is aware of Medicare's interest in this settlement to the extent Medicare has made any conditional payments for medical services or items received by Claimant (pursuant to 42 U.S.C. § 1395y(b) and the corresponding regulations) and related to the accident, injury, or illness giving rise to this settlement;

               (3)    Claimant shall reimburse Medicare for any conditional payments related to the accident, injury, or illness giving rise to the settlement within sixty (60) days of receipt of a final demand letter from Medicare;

               (4)    Any and all claims, rights of recovery, or liens concerning Medicare's prior conditional payments related to the accident, injury, or illness giving rise to this settlement, have been, or will be resolved by Claimant.

    B.    Claimant agrees to hold the Released Party/Company harmless, and to defend and indemnify the Released Party/Company against any and all suits, claims, demands, liens, rights of recovery, and/or causes of action of any nature or character that have been or may be asserted by Medicare and/or persons or entities acting on behalf of Medicare arising from or related to the above-referenced matter and/or any claim of non-compliance arising from or related to Section 111 of the Medicare, Medicaid and SCHIP

Extension Act of 2007 based on inaccurate or inadequate information provided to Released Party/Company as to Claimant's status as Medicare eligible.

C. Claimant's attorney acknowledges that:

(1) he/she will hold from the settlement amount (less the procurement costs, see 42 C.F.R § 411.37) an amount sufficient to satisfy Medicare's interest in an escrow account, client trust account or other like account without distributing same to this Claimant or any other person or entity until satisfaction of Medicare's interest related to prior conditional payments, if any, arising from or related to the above-referenced matter, and

(2) Claimant's attorney will provide to Released Party/Company written documentation from Medicare proving satisfaction of Medicare's interest related to prior conditional payments, if any, arising from or related to matters forming the basis of this Claimant's claims. Such written documentation will include a copy of the waiver, final demand, or no conditional payment letter and where payment is made, a copy of the check payable to Medicare or its recipient entity with an amount matching the final demand. Claimant's attorney may redact the bank name, routing number, account number and signature from the check.

D. In agreeing to this Release, the Released Party/Company are relying on the representations of Claimant and Claimant's attorney regarding Claimant's Medicare status and the actions Claimant and Claimant's attorney have represented they have taken and/or will take to satisfy any and all Medicare claims and interests pertaining to the matters made the basis of Claimant's claims.

No money out of the settlement is allocated towards future medical treatment. While it is impossible to accurately predict the need for future treatment, this decision was based upon a good faith determination of the parties in order to resolve a claim. The parties have attempted to resolve this matter in compliance with both state and federal law and it is believed that the settlement terms adequately consider Medicare's interest and do not reflect any attempt to shift responsibility of treatment to Medicare pursuant to 42 U.S.C. §1395y(b). In the event Medicare required reimbursement related to future medical treatment, this would be the sole responsibility of the Claimant.

The Claimant further waives, releases, and forever discharges Released Party/Company from any private cause of action that may exist under 42 USC 1395y(b)(3)(A).

The Claimant understands that he/she has the right to seek a waiver, compromise or otherwise reduce the amount of conditional payments sought by the Centers for Medicare and Medicaid Services based upon the cost of procurement and/or hardship.

The Claimant further acknowledge(s), warrant(s), and agree(s) to satisfy all other liens, reimbursement right, subrogation interest or claims, including any automatic liens or obligations

created by federal and/or state law, of medical assistance, Medicaid, income tax (if any), and any doctor, hospital, health insurer, non-profit hospital and medical service organization, state or governmental agency, which have been made against the payments described in this RELEASE; and the Claimant further agree(s) to hold the Released Party/Company harmless, and to defend and indemnify the Released Party/Company against any suits, claims, cross-claims, judgments, costs or expenses of any kind, including attorney's fees, arising from assertion of any such liens, reimbursement right, subrogation interest or claim.

HOLD HARMLESS AGREEMENTS. The Claimant further agrees to indemnify and hold harmless the Released Party/Company, its executors, administrators, agents and assigns, from all claims, suits, demands, costs, or expenses arising out of said accident; including, but not limited to all claims, suits, demands, costs, or expenses claimed by any medical care or insurance benefits provider, insurer of, or subrogee of Claimant. The Claimant shall further hold the Released Party/Company harmless from any and all adverse consequences in the event this settlement results in the loss of rights to Social Security benefits and/or Medicare benefits to the extent the Claimant would have been entitled to those benefits in the absence of this agreement. This agreement to indemnify and hold harmless does not extend to those claims that may be asserted by the undersigned's carrier for reimbursement of basic reparation benefits paid to or on behalf of the undersigned pursuant to the Kentucky Motor Vehicle Reparations Act. This agreement to indemnify and hold harmless specifically <u>does not</u> include a release of any of Foster's claims or damages against American Fire for bad faith, violations of the UCSPA, and/or violations of the CPA.

ASSUMPTION OF RISK. The Claimant hereby acknowledge(s) and assume(s) all risk, chance or hazard that the said damages may be or become permanent, progressive, greater, or more extensive than is now known, anticipated or expected.

No promise or inducement which is not herein expressed has been made to the Claimant and in executing this Release, the Claimant do(es) not rely upon any statement or representation made by any Released Party/Company, or by any agent, physician, doctor or any other person representing the Released Party/Company, concerning the nature, extent or duration of said damages or losses or the legal liability therefore.

The Claimant acknowledges that the payment of said sum is not to be construed as an admission of liability by the parties released hereby, who dispute any liability to the Claimant, but that said payment is made and accepted in full accord and satisfaction of, and in compromise of, a disputed claim for UIM benefits under the above-mentioned policy and for the purpose of terminating a dispute or litigation between the parties as it relates to the to Foster's UIM claim only.

The Claimant acknowledges that this RELEASE extends to Foster's UIM claim only which the Claimant had or may have had against the parties released hereby, and that any party released hereby can raise this RELEASE as a complete defense to any UIM claim or suit by or on behalf of the Claimant arising out of the June 8, 2008, incident.

The Claimant acknowledges that he/she has read this instrument and fully understands that this

Release 005                                     3

instrument, in accordance with the intent and purpose expressed above, encompasses all negotiations, discussions, and bargaining of the parties as to this settlement, and is the entire agreement between the parties to this instrument.

The Claimant further state(s) that he/she has carefully read the foregoing RELEASE and knows and understands its content and that he/she sign(s) it as his/her own free act.

The Claimant also acknowledges that he/she was informed prior to the signing of this agreement that she had the right to consult with legal counsel and medical advisors of the Claimant's own choice and that an adequate opportunity was afforded to the Claimant to seek such advice or counsel. The Claimant further affirms that he/she was presented with an adequate opportunity between the matter giving rise to this agreement and the signing of this agreement to consider the agreement and its consequences.

---

## CAUTION - READ BEFORE SIGNING

Date: 7-1-15          *Ernest Foster*

ERNEST FOSTER

### NOTARY

STATE OF Kentucky )
                  ) ss:
COUNTY OF Fayette )

Subscribed and sworn to, before me, a Notary Public, in and for said County and State, on this the 1st day of July, 2015.

*Deborah Duncan*
NOTARY PUBLIC
My commission expires: 4-8-17

Date: 7/1/15                MEHR FAIRBANKS TRIAL LAWYERS, PLLC

By: _____
PHILIP G. FAIRBANKS

**NOTARY**

STATE OF Kentucky )
                  ) ss:
COUNTY OF Fayette )

Subscribed and sworn to, before me, a Notary Public, in and for said County and State, on this the 1st day of July, 2011.

_____
NOTARY PUBLIC
My commission expires: 4-8-17

Release 005                              5