*ELECTRONICALLY FILED*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**
**CASE NO.: 5:13-CV-00426-GFTV**

ERNEST FOSTER

                PLAINTIFF

v.

AMERICAN FIRE AND CASUALTY COMPANY

                DEFENDANT

---

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF RESERVES**

---

Defendant, American Fire and Casualty Company ("American Fire"), submits this Memorandum in support of its Motion *in limine* to exclude all evidence regarding insurance claim reserves.

### I.  Introduction

American Fire's claim reserve information is irrelevant and, therefore, inadmissible. A reserve is an estimated, abstract figure which is set – "reserved" – as a fund with which to pay future unaccrued and contingent claims indefinite as to any specific amount or time of payment. Reserves are reported to the Kentucky Department of Insurance on the aggregate and are an accounting/underwriting function. (*See* KRS 304.6-100; 806 KAR 6:090). A common misconception is that an insurer's reserve is the same as, or substantially similar to, settlement authority. It is not. The primary purpose of a reserve is to comply with statutory requirements and to reflect, as accurately as possible, the insured's *potential* liability. A reserve does not authorize a settlement at that figure. Reserves are frequently adjusted based upon new

1

information regarding either liability or damages. Bad faith conduct is unrelated to this abstract figure kept solely for compliance with local statutes and regulations concerning the financial liquidity of insurance companies.

## II. STATEMENT OF FACTS

Plaintiff, Ernest Foster, alleges bad faith against American Fire in the handling of his underinsured motorist ("UIM") claim stemming from an automobile accident with Gary Washabaugh, on June 8, 2008. As part of the handling of this claim, American Fire was required to set a reserve by Kentucky statutes and regulations. (*See* KRS 304.6-100; 806 KAR 6:090). The statute requires "each insurer shall maintain … reserves in an amount estimated <u>in the aggregate</u> to provide for payment of all losses … and to provide for the expenses of [handling] claims." KRS § 304.6-100(1) (emphasis added). Thus, the purpose of reserving is to assure the liquidity of an insurer to pay the aggregate of its claims.

Based <u>only</u> on the information provided by Plaintiff's wife, Bettie Foster, the initial reserve was set at policy limits of $100,000 when the Fosters first made a UIM claim on June 4, 2010, two years after the accident. (*See* A. Dale Dep., 7/29/16, 39:10-40:13, with a copy attached as **Exhibit 1**). American Fire took Ms. Foster at her word that her husband needed knee replacement, which he has never had. (*Id*. at 53:13-18). The reserve on Plaintiff's claim was adjusted over the course of the claim handling process to account for new information. (*Id*. at 90:6-18). As discovery progressed, the reserve was lowered then increased again as the proof developed.

Plaintiff's own insurance expert, Stuart Setcavage, testified the reserve amount should reflect an amount the insurer anticipates paying on a claim based on the information available at that time. (*See* S. Setcavage Dep., D.E. 188-9, 7/26/16, 74:3-5, exhibit 8 to Memo. in Support of Motion for Summary Judgment). When Mr. Setcavage worked in the insurance industry, he

2

indicated, that as part of his duties, he also reduced or increased reserves on a claim based additional proof or when the proof changes. (*Id*. at 73:23-74:5). The reserves are meant to reflect the adjuster's best estimate of the eventual cost of the claim, including indemnity payment and expenses. The reserve is not necessarily indicative of whether coverage exists and cannot be equated as an admission of liability or value of the claim. The reserves set on Plaintiff's claim are irrelevant to the issue of whether American Fire acted in bad faith to settle Plaintiff's claim.

### III.    ARGUMENT

Under the Federal Rules of Evidence, "irrelevant evidence is not admissible" at trial. Fed.R.Evid. 402. Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.

The purpose of a claim reserve renders reserves irrelevant to the issues pertinent to a bad faith claim. As defined by the United States Supreme Court in *Maryland Casualty Co. v. U.S.*, 251 U.S. 342 (1920):

> "The term "reserve" or "reserves" has a special meaning in the law of insurance. While its scope varies under different laws, in general it means a sum of money, variously computed or estimated, which, with accretions from interest, is set aside – "reserved" – as a fund with which to mature or liquidate, whether by payment or reinsurance with other companies, future unaccrued and contingent claims, and claims accrued, but contingent and indefinite as to amount or time of payment."

*Id.* at 350. "The purpose of reserves is to assure the accuracy of an insurer's financial statements and to avoid insurer insolvency … The amount of the reserve is supposed to reflect the adjuster's best estimate of the eventual cost of the claim to the company, including both the cost of indemnifying the insured and the cost of adjusting the claim." Ashley, Stephen.  Bad faith Actions Liability & Damages, § 10:31.

3

In Kentucky, insurance companies are required to set reserves by Kentucky statutory and regulatory law. *See* KRS 304.6-100; 806 KAR 6:090; *see also Meador v. Indiana Ins. Co.*, 2007 WL 1098208 at *11 (W.D. Ky. 2007). Therefore, United States District Courts in Kentucky are not prone to allow reserves into evidence. In *Meador v. Indiana Ins. Co.*, 2007 W.L. 1098208 (W.D. Ky. 2007), the Court found that reserves were not relevant to the question of whether liability becomes reasonably clear in a bad faith case and precluded discovery on reserves. Citing *Meador*, the court in *Madison v. Nationwide Mut. Ins. Co.*, No. 1:11-CV-157-R, 2012 WL 4592135, at *4 (W.D. Ky. Oct. 1, 2012), stated "[i]t is entirely possible that this Court will eventually determine that the evidence of insurance reserves is inadmissible."

Plaintiff may argue that reserve information is part of American Fire's settlement behavior. However, as the court in *Silva v. Basin Western, Inc.*, 47 P.3d 1184 (Col. 2002) acknowledged, this is an incorrect assumption. The Colorado Supreme Court in *Silva* noted:

> A common misconception is that an insurer's loss reserves are the same as settlement authority. They are not. The main purpose of a loss reserve is to comply with statutory requirements and to reflect, as accurately as possible, the insured's *potential* liability. It does not automatically authorize a settlement at that figure … Reserve amounts are only partially within the insurer's control… The reserves must also reflect all potential claim expenses and any claim the insurer undertakes to defend since the insurer will have claim handling expenses, including attorney fees and court costs.

*Id.* 1189. Further, "a reserve cannot accurately or fairly be equated with an admission of liability or the value of any particular claim." *In re Couch*, 80 B.R. 512, 517 (S.D. Cal. 1987)). *See also Leski, Inc. v. Federal Insurance Co.*, 129 F.R.D. 99, 106 (D. N.J. 1989) ("[R]eserve information is only tenuously relevant to whether insurance coverage exists in this matter and this information is not discoverable").

Various jurisdictions have not even allowed discovery of, much less admissibility of, reserves. *See Silva v. Basin Western, Inc.*, 47 P.3d 1184 (Col. 2002); *Carlson v. Freightliner,*

4

*LLC,* 226 F.R.D. 343, 366-67 (D.Neb. 2004) (denying discovery of reserves on work product grounds); *Rhone Poulenc Rural Inc. v. Home Indem. Co.*, 139 F.R.D 609, 614 (E.D. Pa. 1991) (same); *Peco Energy Co. v. Ins. Co. of North America*, 852 A.2d 1230, 1234 (Pa. Super 2004) (same); *National Union Fire Ins. Co. of Pa. v. Stauffer Chemical Co.,* 558 A.2d 1091, 1097-98 (Del. Super. Ct. 1989) (denying discovery reserves on relevancy grounds as reserves information is not reasonably calculated to lead to the discovery of admissible evidence); *Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 106 (D.N.J. 1989) (same); *Independent Petrochemical Corp. v. Aetna Cas. & Sur. Co.*, 117 F.R.D. 283, 288 (D.D.C. 1986) (same); *Union Carbide Corp. v. Travelers Indem. Co.,* 61 F.R.D. 411, 413 (W.D. Pa. 1973) (same).

Because insurance claim reserve information is not relevant to any of Plaintiff's claims against American Fire, it is not admissible.

## IV.     CONCLUSION

WHEREFORE, American Fire respectfully requests that the Court grant its Motion *in limine* to exclude any and all evidence, reference, or testimony relating to insurance reserves.

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

/s/ Donald L. Miller, II
Donald L. Miller, II, Esq.
Paul J. Painter, Esq.
9300 Shelbyville Road, Suite 400
Louisville, KY  40222
Telephone: 502.423.6390
Facsimile: 502.423.6391
dmiller@qpwblaw.com

-and-

Heather M. McCollum, Esq.
2452 Sir Barton Way, Suite 300
Lexington, KY  40509
Telephone: 859.226.0057
Facsimile: 859.226.0059
hmccollum@qpwblaw.com
*Counsel for Defendant*
*American Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 14, 2016, I electronically filed the foregoing Notice with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Donald L. Miller, II_____
*Counsel for Defendant*
*American Fire and Casualty Company*

6