**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(At Lexington)**

| | |
|---|---|
| **ERNEST FOSTER,** : | |
| : | Civil Action No. 5:13-cv-426 |
| **Plaintiff,** : | |
| : | |
| : | |
| v. : | **PLAINTIFF'S RESPONSE TO** |
| : | **MOTION TO EXCLUDE EVIDENCE** |
| : | **OF RESERVES (DE 190)** |
| : | |
| **AMERICAN FIRE AND CASUALTY** : | |
| **COMPANY** : | |
| : | |
| **Defendant** : | |

Comes the Plaintiff, and for his response to Defendant American Fire and Casualty Company's Motion to exclude evidence of insurance reserves (DE 190), states that the motion should be denied.

**I.   American Fire rehashes relevance arguments.**

The Court has previously addressed the issue of the reserves set by American Fire on Foster's UIM claim, finding such evidence was relevant and discoverable. (DE 159, pp. 17-18). American Fire now asks the Court to exclude at trial any evidence of its reserves on Foster's claim. But, just as it did during the discovery dispute, American Fire hinges its position on its belief that "insurance claim reserve information is not relevant to any of Plaintiff's claims." (DE 190-1, p. 5). Like many of its other arguments about the exclusion of evidence, American Fire simply seeks to omit the evidence from the jury's purview because it is expected to be *unfavorable* to American Fire. Doe v. Claiborne County, 103 F.3d 495, 515 (6th Cir. 1996) (emphasis in original) (quoting

1

United States v. Bonds, 12 F.3d 540, 567 (6th Cir. 1993)) (evidence not excluded just because it could be damaging to defendant's case).

As noted by Judge Wier, "[t]he term 'reserves,' in this context, essentially means a sum of money set aside (reserved) as a fund to satisfy current in-force insurance policies or other outstanding liabilities. *See, e.g.*, KRS 304.6-100." (DE 159, p. 17). In that regard, Judge Wier found, "evidence of reserves, targeted at the incident in play, is relevant and discoverable under the Rule 26 standard."[1] American Fire did not raise objections to Judge Wier's Order. While admissibility is a different question than discoverability, American Fire's motion is based on its same objections to relevance. American Fire has made no showing that the probative value of the evidence will be substantially outweighed by prejudice. Nor could it.

**II.     Reserve evidence is probative of American Fire's bad faith under Kentucky law.**

Under Kentucky law, the question in this case is whether 1) the insurer was obligated to pay the claim under the terms of the policy; 2) the insurer lacked a reasonable basis in law or fact for denying the claim; and 3) the insurer either knew there was no basis for denying the claim or that the insurer acted with reckless disregard for whether such a basis existed. Wittmer v. Jones, 864 S.W.2d 885, 890 (Ky. 1993) (citing Federal Kemper Insurance Company v. Hornback, 711 S.W.2d 844, 846-847 (Ky. 1986) (Leibson, J., dissenting)).

Evidence of reserving on Foster's claim is directly relevant to this test and probative of the issues set for trial. For example, evidence of American Fire's internal evaluation of the amount of money set aside to pay Foster's claim could allow the jury to infer that American Fire knew there

---

[1] Citing Grange Mut. Ins. Co. v. Trude, 151 S.W.3d 803, 813 (Ky. 2004); Madison v. Nationwide Mut. Ins. Co., 2012 U.S. Dist. LEXIS 141319 (W.D. Ky. Oct. 1, 2012); Park-Ohio Holdings Corp. v. Liberty Mut. Fire Ins. Co., 2015 U.S. Dist. LEXIS 112448 (N.D. Ohio Aug. 25, 2015); Retail Ventures, Inc. v. Nat'l Union Fire Ins. Co., 2007 U.S. Dist. LEXIS 83425 (S.D. Ohio Nov. 8, 2007).

was no reasonable basis for its $4,500 offer. "It is possible that the amount of reserves set by an adjuster could be indicative of bad faith if the insurer has denied a claim or has attempted to 'low-ball' a claim. It is undoubtedly a red flag." United Services Automobile Ass'n v. Bult, 183 S.W.3d 181, 189 (Ky. App. 2003). "The relevance of procedures for setting reserves to a bad faith claim seems obvious." Grange Mut. Ins. Co. v. Trude, 151 S.W.3d 803, 813-14 (Ky. 2004). This is particularly true here where both the adjuster and his supervisor evaluated the claim in excess of the $100,000 policy limits. In fact, the supervisor had evaluated the claim at twice the policy limits ("full value at least $200,000 appears likely"). American Fire made no offer for almost a year after this evaluation, and when it did so, it offered only $4,500. As noted above, this is precisely the type of evidence that is relevant to the test for bad faith. See also Phelps v. State Farm Mut. Auto. Ins. Co., 736 F.3d 697, 705 (6th Cir. 2012) (evidence of offer at low end of internal evaluation range could constitute reckless disregard).

> **III.  Reserve evidence is potentially inadmissible in cases involving coverage or liability disputes, but not in a bad faith claim such as this.**

The cases that have excluded evidence of reserves have done so based on an important distinction not present here. For example, in Meador v. Indiana Ins. Co., 2007 U.S. Dist. LEXIS 27298 (W.D. Ky. 2007), Judge Russell considered the admissibility of reserves in relation to a liability dispute. The plaintiff intended to offer the fact that a reserve had been set in the first place as evidence that "liability was reasonably clear." Id. at *31-32. Judge Russell found, given the circumstances of that case, that setting a reserve did not equate to an acknowledgement of liability. Id. Here, the reserves are not being offered as proof to show that the at-fault driver was liable. Liability for the accident is not contested. Thus, American Fire's position in its motion, that "[t]he reserve is not necessarily indicative of whether coverage exists and cannot be equated as an admission of liability or value of the claim," (DE 190-1, p. 3), is not exactly on point. In that

3

sense, whether a reserve was or was not set by the insurer is not necessarily indicative of whether coverage existed or whether an insured was liable. But this case is not about coverage or a liability dispute. Coverage for Foster's claim is undisputed. The issue is whether American Faith acted in bad faith in settling Foster's claim, where both coverage and liability are admitted. (See DE 190-2, Deposition of Anthony Dale, pp. 38-39 (testifying that Foster's claim was covered and he bears no comparative responsibility)).

American Fire highlights the case of Silva v. Basin Western, Inc., 47 P.3d 1184 (Col. 2002), and argues that reserves cannot be part of American Fire's settlement behavior. Its analysis of Silva is incorrect. There, the court actually made a distinction between reserve evidence in a third-party bad faith case (one brought by a claimant against someone else's insurer) and the same evidence in a first-party case (one brought by an insured against his own insurer), like Foster's. In discussing first-party bad faith actions, the Colorado court agreed that, "[i]n a first-party claim, the establishment of reserves and settlement authority could be relevant and reasonably calculated to lead to admissible evidence regarding whether the insurance company adjusted a claim in good faith or made a prompt investigation, assessment, or settlement of a claim." 47 P.3d at 1193; see also Larson v. One Beacon Ins. Co., 2013 U.S. Dist. LEXIS 81181, at *9-11 (D. Colo. June 10, 2013) (explaining that the Colorado Supreme Court has not held that reserve information is irrelevant and ordering production of reserve information).

American Fire's position is even weaker given that Kentucky courts have not made a distinction between first-party and third-party claims with respect to reserves. See e.g., Grange, 151 S.W.3d 803 (Ky. 2004) (ordering discovery of reserve information in third-party claim). In Medical Protective Co. v. Wiles, 2011 Ky. App. Unpub. LEXIS 983 (Ky. App. 2011), the Court of Appeals affirmed a jury verdict in a third-party bad faith case, based in part on evidence related

4

to the insurer's reserving practices. There, the Court noted that <u>Grange</u> and <u>Bult</u> related to the setting of reserves on an individual claim. In <u>Wiles</u>, the claimant had gone a step further and introduced reserve evidence not related specifically to the claim at issue. The Court noted that the introduction of that type of evidence was still proper to show bad faith. Here, the question is easier because Foster is not seeking to introduce reserve information unrelated to his claim.

### IV. Conclusion

Foster requests that American Fire's motion to exclude reserve evidence be denied. Such evidence is relevant and directly probative of the test for bad faith that is at issue in this case, and American Fire has made no showing that the relevance is substantially outweighed by undue prejudice.

Respectfully submitted,

/s/ *Philip G. Fairbanks*
M. AUSTIN MEHR
PHILIP G. FAIRBANKS
**Mehr Fairbanks and Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: 859-225-3731
Facsimile: 859-225-3830
Email: pgf@austinmehr.com

*Attorneys for Plaintiff*

# **CERTIFICATE OF SERVICE**

      I hereby certify that on October 4, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

- **Michael P. Bartlett**
  mbartlett@covingtonky.com,michaelbartlettlaw@gmail.com
- **Robert D. Bobrow**
  rbobrow@bsg-law.com,jdiorio@bsg-law.com
- **John F. Carroll , Jr**
  jcarroll@qpwblaw.com,julie.laemmle@qpwblaw.com,ppainter@qpwblaw.com,catherine.webb@qpwblaw.com
- **Philip G. Fairbanks**
  pgf@austinmehr.com,amlopsc@yahoo.com,kdw@austinmehr.com,shall@austinmehr.com
- **Bartley K. Hagerman**
  bkh@austinmehr.com,amlopsc@yahoo.com,kdw@austinmehr.com,shall@austinmehr.com
- **Michael Scott Jackson**
  mjackson@bsg-law.com,jdiorio@bsg-law.com
- **Heather M. McCollum**
  hmccollum@qpwblaw.com,kymberli.pelfrey@qpwblaw.com,angela.franklin@qpwblaw.com
- **M. Austin Mehr**
  amehr@austinmehr.com,amlopsc@yahoo.com,pgf@austinmehr.com,kdw@austinmehr.com,shall@austinmehr.com
- **Donald L. Miller , II**
  dmiller@qpwblaw.com,vbarringer@qpwblaw.com,dsears@qpwblaw.com,tbreed@qpwblaw.com,samantha.rodriguez@qpwblaw.com,jmccarthy@qpwblaw.com,msleep@qpwblaw.com,wcase@qpwblaw.com,melanie.beebe@qpwblaw.com,hhigginbotham@qpwblaw.com,mgruner@qpwblaw.com,ppainter@qpwblaw.com,jcarroll@qpwblaw.com,ppullen@qpwblaw.com,kimberly.arvin@qpwblaw.com,klomond@qpwblaw.com,nkissel@qpwblaw.com,jahrens@qpwblaw.com,smccoy@qpwblaw.com,angela.franklin@qpwblaw.com,thickerson@qpwblaw.com,hpfaffenberger@qpwblaw.com,mhackworth@qpwblaw.com
- **Paul J. Painter**
  ppainter@qpwblaw.com,dsears@qpwblaw.com,nichole.priddy@qpwblaw.com
- **Erik David Peterson**
  edp@austinmehr.com,amlopsc@yahoo.com,kdw@austinmehr.com,shall@austinmehr.com
- **David G. Richardson**
  richardson@m-r-law.com
- **Robert Estes Stopher**
  rstopher@bsg-law.com,jdiorio@bsg-law.com,jbusse@bsg-law.com

                                         */s/ Philip G. Fairbanks*_____
                                         PHILIP G. FAIRBANKS