**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**(At Lexington)**

| | | |
|---|---|---|
| **ERNEST FOSTER,** | : | |
| | : | **Civil Action No. 5:13-cv-426** |
| **Plaintiff,** | : | |
| | : | |
| | : | |
| **v.** | : | **PLAINTIFF'S RESPONSE TO** |
| | : | **MOTION TO EXCLUDE EXPERT** |
| | : | **TESTIMONY OF STUART** |
| | : | **SETCAVAGE (DE 189)** |
| **AMERICAN FIRE AND CASUALTY** | : | |
| **COMPANY** | : | |
| | : | |
| **Defendant** | : | |

Comes the Plaintiff, and for his response to Defendant American Fire and Casualty

Company's Motion to Exclude Expert Testimony of Stuart Setcavage (DE 189), states that the

motion should be denied.

### I.     Introduction

Despite Stuart Setcavage's years of experience in the insurance industry and in handling

automobile injury claims like the one at issue in this case, American Fire has moved to exclude

testimony from him about its handling of Foster's claim.  While American Fire may disagree with

Mr. Setcavage's opinions, that is not grounds for excluding his testimony.

Through its motion, American Fire seeks to exclude, entirely, any testimony from Mr.

Setcavage.  Its motion is unusual in that it attempts to fault Setcavage for allegedly not tracking

the legal standard contained in Kentucky caselaw at some points of his testimony, while at the

same time, suggests that when he does track the legal standard, he is offering inadmissible "legal

conclusions."     It argues that Setcavage's testimony should be excluded because "he offers legal

conclusions in his report," and those legal conclusions "are based on incorrect facts, non-existent authority, and overtly contradict Kentucky bad faith law." (DE 189-1, p. 7). At the same time, American Fire proposes to introduce the following testimony from its expert, Mr. Burke Christensen: "In my opinion, the record does not establish that American acted in bad faith with respect to this claim."[1]

American Fire also argues that Setcavage's testimony is unfairly prejudicial, and it mentions that his testimony has been excluded in another case. Because Setcavage's testimony will assist the trier of fact in this case, American Fire's motion should be denied. Federal Rule of Evidence 702 permits expert testimony when it will "help the trier of fact to understand the evidence or to determine a fact in issue." Setcavage's testimony, focusing on what type of conduct would constitute sound claim practices in this particular case, undoubtedly will provide the jury with assistance in its determination. American Fire does not challenge Setcavage's qualifications, and unquestionably, his report[2] and deposition testimony[3] contain more than the alleged "legal conclusions" argued by American Fire.

Setcavage has twenty-four years of experience as a claims professional, working as an adjuster and supervisor for State Farm. His work focused primarily on automobile injury claims like the one at issue here. He has been involved in the handling or supervision of approximately 25,000 claims during his career.[4] Setcavage has participated in claim file audits, quality reviews, and other claim file surveys.[5] He has active adjuster's licenses in a number of states, including Kentucky. He has been an active member of the Pennsylvania Defense Institute, serving as

---

[1] Expert report of Burke Christensen, p. 4 (attached as Exhibit 1).
[2] Expert Report of Stuart Setcavage attached as Exhibit 2.
[3] Deposition of Stuart Setcavage filed at DE 188-9.
[4] Setcavage report, p. 2 (attached as Exhibit 2).
[5] Setcavage report, p. 2 (attached as Exhibit 2).

president and overseeing committees dealing with insurance claims practices.[6] He has planned and presented seminars dealing with automobile injury law, and has been a speaker at a number of continuing legal education seminars.[7]

Additionally, Setcavage has completed in-house claims training, as well as corporate management claims training, with State Farm.[8] His professional designations include a Casualty Claim Law Associate (CCLA) designation, and an Associate in Claims (AIC).[9] He has completed Chartered Property and Casualty Underwriters (CPCU) courses as well. Additionally, Setcavage has worked as a consultant with respect to insurance claims. While American Fire does not challenge his qualifications, his experience shows that his testimony will be based on sufficient experience and training to reliably assist the jury.

And should the Court find that there are certain areas about which Setcavage may not testify, the proper remedy would be to limit the subject matter of his trial testimony, not exclude him as a witness entirely. American Fire may disagree with Setcavage's opinions, and can cross-examine him at trial to that effect, but American Fire cannot dispute that Setcavage is qualified as an expert witness.

## II. Argument

Federal Rule of Evidence 702 governs the use of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;

---

[6] Setcavage report, p. 3 (attached as Exhibit 2).
[7] Setcavage report, p. 3 (attached as Exhibit 2).
[8] Setcavage report, p. 37 (attached as Exhibit 2).
[9] Setcavage report, p. 34 (attached as Exhibit 2).

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Under this Rule, "'a proposed expert's opinion is admissible, at the discretion of the trial court, if the opinion satisfies three requirements.'" United States ex rel. TVA v. 1.72 Acres of Land, 821 F.3d 742, 749 (6th Cir. 2016) (quoting In re Scrap Metal Antitrust Litig., 527 F.3d 517, 528-29 (6th Cir. 2008)). "'First, the witness must be qualified by 'knowledge, skill, experience, or education.' Second, the testimony must be relevant, meaning that it 'will assist the trier of fact to understand the evidence or determine a fact in issue.' Third, the testimony must be reliable.'" Id.

In considering expert testimony, "'rejection of expert testimony is the exception, rather than the rule.'" Id. (quoting In re Scrap Metal at 530). "Accordingly, 'Rule 702 should be broadly interpreted on the basis of whether the use of expert testimony will assist the trier of fact.'" Id. (quoting Morales v. Am. Honda Motor Co., Inc., 151 F.3d 500, 516 (6th Cir. 1998)). "'The [Rule 702] inquiry is a flexible one … [and its focus] must be solely on principles and methodology, not on the conclusions that they generate.'" Lee v. Smith & Wesson Corp., 760 F.3d 523, 526 (6th Cir. 2014) (quoting Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 595 (1993)).

## A. Setcavage is qualified.

American Fire does not seriously challenge Setcavage's qualifications to offer testimony about insurance claim handling, nor does it claim his testimony is somehow irrelevant to the insurance issues in this case. However, it states in its motion that Setcavage's testimony should be excluded because "he offers legal conclusions in his report," and those legal conclusions "are based on incorrect facts, non-existent authority, and overtly contradict Kentucky bad faith law."

4

(DE 189-1, p. 7).  In this regard, it appears that American Fire is asserting a reliability challenge to the testimony. (see DE 189-1, p. 8, discussing reliability factors).

### B. Setcavage relied on sufficient facts and data.

With respect to whether the "testimony is based on sufficient facts or data," American Fire offers no explanation of why it believes Setcavage did not rely on sufficient facts.  Indeed, Setcavage has reviewed all of the discovery documents produced by American Fire in this case, including its claim file, its claim manuals, its employee performance reviews, Foster's medical records, and all of the claim handling notes made by the adjusters.  Setcavage's report identifies and summarizes in detail the facts and data he considered in forming his opinions.  It is unclear what additional documents American Fire believes Setcavage should have reviewed.  American Fire suggests that Setcavage did not use "sufficient, correct facts or data," (DE 189-1, p. 8, emphasis added), but it likewise does not identify any fact that Setcavage has wrong or failed to consider.  When a party challenges an expert's testimony for allegedly not having a factual basis, the challenging party "would have to present facts that plainly contradict" the evidence relied upon by the expert. Lee v. Smith & Wesson Corp., 760 F.3d 523, 527 (6th Cir. 2014), citing Greenwell v. Boatwright, 184 F.3d 492, 497 (6th Cir. 1999).  American Fire has not done so.

American Fire simply disagrees with which facts Setcavage finds important.  Obviously, American Fire disputes that it has acted in bad faith, but that does not mean that Setcavage's opinions are wrong or inadmissible.  Disagreement with his opinion or his interpretation of the gravity of the facts is not grounds for American Fire to have the testimony excluded.

### C. Setcavage's opinions clearly meet the reliability standards.

American Fire blends two reliability factors (whether the testimony is the "product of reliable principles and methods," and whether the expert "reliably applied the principles and

methods to the facts of the case") into an argument that Setcavage's opinion is "too speculative to be reliable." In this section of its argument, American Fire posits, at times inconsistently, that Setcavage's opinions are either not based on the law and/or are legal conclusions about the ultimate issue in this case. As noted by the Sixth Circuit, "Rule 702…does not require anything approaching absolute certainty." Tamraz v. Lincoln Elec. Co., 620 F.3d 665, 771 (6th Cir. 2010).

And While American Fire waffles to some degree about whether Setcavage's opinions either do involve a "legal conclusion" or actually do not embrace the legal standard in Kentucky, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704. And in this case, it is not as if Setcavage simply says, "American Fire acted in bad faith."[10] In fact, American Fire has not set out any portion of his testimony that it believes actually constitutes a "legal conclusion." His report and deposition testimony are thorough and clearly outline the bases for the opinions that he will offer.

In arguing that Setcavage's opinions are simply his subjective belief about what "the law *should* be," American Fire seems to emphasize two portions of questioning from counsel during his deposition – one dealing with a distinction between the delay and denial of a claim, and the other dealing with whether claims handling standards in the UCSPA are minimum acceptable industry standards. (DE 189-1, pp. 5, 8-9). Its position is incorrect.

First, its attempt to strike a dichotomy between a claim delay and a claim denial[11] should be rejected. The district court addressed this argument in Ellis v. Arrowood Indem. Co., 2015 U.S. Dist. LEXIS 56515, at *12-14 (E.D. Ky. Apr. 30, 2015). "The [plaintiffs] do not need to prove

---

[10] This is actually the type of testimony that American Fire proposes to introduce from its expert, Mr. Christensen.
[11] In making this argument, American Fire states, "Mr. Setcavage testified in his deposition that American Fire never denied Plaintiff's claim." (DE 189-1, p. 12). This is an incorrect summary of the testimony.

that [the insurer] denied [the plaintiffs'] claim. Even a cursory review of Kentucky Supreme Court and Sixth Circuit case law, which is binding on this Court, compels the same conclusion." Id. at *12-13, citing Phelps v. State Farm Mut. Auto. Ins. Co., 736 F.3d 697, 704 (6th Cir. 2012); see also Adkins v. Shelter Mut. Ins. Co., 2015 U.S. Dist. LEXIS 37570, at *8-9 (E.D. Ky. 2015). As noted by the court in Ellis, Farmland Mut. Ins. Co. v. Johnson, 36 S.W.3d 368, 376 (Ky. 2000), states, "[t]he Kentucky Supreme Court has cautioned insurance companies that 'coming up with an amount that is within the range of possibility is not an absolute defense to a bad faith case.'" Ellis, 2015 U.S. Dist. LEXIS 56515, at *12-13. In Farmland, the Supreme Court also described that, "an insurance company still is obligated under the KUCSPA to investigate, negotiate, and attempt to settle the claim in a fair and reasonable manner," even when "there may be differing opinions as to the value of the loss." 36 S.W.3d at 375.

Further, as described in Ellis, many provisions of the UCSPA expressly pertain to situations involving delays in payment. Id. at *13. Also, the Supreme Court's decision in Motorists Mut. Ins. Co. v. Glass, 996 S.W.2d 437, 452 (Ky. 1997) holds that delay in payment can constitute outrageous conduct under the UCSPA. Accordingly, American Fire's suggestion that Setcavage made a consequential distinction between a delay of the claim or a denial of the claim should be rejected. American Fire's argument that there is "black letter Kentucky law" to support its position is incorrect.

Second, the Court should disregard any issues American Fire has with the statements that the UCSPA is based on a model act and provides a minimum standard for adjusting claims. American Fire cites no law explaining its position, and instead simply states that Setcavage is wrong on this point. But actually, in State Farm Mut. Auto. Ins. Co. v. Reeder, 763 S.W.2d 116, 118 (Ky. 1988) the Kentucky Supreme Court stated, "The Kentucky law is similar to those adopted

7

by thirty-eight states and is based on the 1971 amendment that the National Association of Insurance Commissioners made to it model 'act relating to unfair methods of competition and unfair and deceptive acts and practices in the business of insurance.'" See also Knotts v. Zurich Ins. Co., 197 S.W.3d 512, 517 (Ky. 2006), citing Reeder at 118; Davidson v. American Freightways, Inc., 25 S.W.3d 94, 96-97 (Ky. 2000) (UCSPA is "an almost verbatim adoption of the 1971 version of the model act"). Similarly, Setcavage's testimony that the act is understood by and taught to claims adjusters as the minimum standard for adjusting claims is consistent with Kentucky law. See Davidson at 98 (discussing the UCSPA and associated regulations as setting forth "minimum standards for the investigation and disposition of property and casualty insurance claims").

American Fire has not shown that these alleged deficiencies by Setcavage have made him unreliable to offer testimony. At best, the Court could limit portions of the testimony, rather than exclude it entirely. Furthermore, many of the standards cited by Setcavage in his expert report are standards contained in American Fire's own claim handling manuals.[12] American Fire does not challenge these standards as incorrect or inapplicable.

### D. Setcavage is not offering only "legal conclusions."

Setcavage will not present only legal conclusions as his testimony. Foster does not plan to introduce testimony such as, "American Fire acted in bad faith." His report and deposition testimony go well beyond merely legal conclusions. As articulated by the Sixth Circuit in Berry v. City of Detroit, 25 F.3d 1342, 1353 (6th Cir. 1994), "[a]lthough an expert's opinion may

---

[12] See Setcavage report, at pp. 7-8 (attached as Exhibit) citing standards contained within American Fire's manuals.

'embrace[] an ultimate issue to be decided by the trier of fact[,]' Fed. R. Evid. 704(a), the issue

embraced must be a factual one."  The Court went on:

> It would have been easy enough for the drafters of the Federal Rules
> of Evidence to have said that a properly qualified expert may opine
> on the ultimate question of liability. They did not do so. When the
> rules speak of an expert's testimony embracing the ultimate issue,
> the reference must be to stating opinions that suggest the answer to
> the ultimate issue or that give the jury all the information from which
> it can draw inferences as to the ultimate issue. We would not allow
> a fingerprint expert in a criminal case to opine that a defendant was
> guilty (a legal conclusion), even though we would allow him to
> opine that the defendant's fingerprint was the only one on the murder
> weapon (a fact). The distinction, although subtle, is nonetheless
> important.

Id. at 1353.

Setcavage's opinions are, as allowed by the Rules of Evidence, focused on sound claim

practices and whether American Fire's actions in this case followed those sound practices.  He is

of the opinion that American Fire was not proactive in investigating the claim, did not assist its

policyholder, made unreasonably low settlement offers based on the information it had, and had

sufficient information to pay the claim much sooner that it did.  This is precisely what the Sixth

Circuit has described as proper expert testimony that does not impede on the ultimate issue.  Even

if the Court determined that some portions of Setcavage's testimony could infringe on a legal

conclusion, that is not grounds to exclude all of his anticipated testimony. See Gaddis v. Garrrison

Prop. & Cas. Co., 6:15-CV-132-HAI (E.D. Ky. Aug. 23, 2016) (copy attached as Exhibit 3)

(denying motion to exclude expert testimony in its entirety).  His report is far from a simple

conclusory statement that American Fire acted in bad faith.

### E.  Setcavage's opinions do not create "undue prejudice" to American Fire.

American Fire disputes the introduction of the testimony simply because it is unfavorable

to the position American Fire is attempting to advance in this litigation.  Under FRE 403, unfair

prejudice "means *undue* tendency to suggest a decision based on improper considerations; it 'does not mean the damage to the defendant's case that results from the legitimate probative force of the evidence.'" Doe v. Claiborne County, 103 F.3d 495, 515 (6th Cir. 1996) (emphasis in original), quoting United States v. Bonds, 12 F.3d 540, 567 (6th Cir. 1993).  American Fire does not raise any additional grounds, other than those argued to exclude the testimony as unreliable, to show how it will suffer undue prejudice.  Its request in this regard should be denied.

### F.  Exclusion of testimony in another case does not compel the same result here.

In Schifino v. Geico Gen. Ins. Co., 2013 U.S. Dist. LEXIS 76532 (W.D. Pa. May 31, 2013), the district court excluded all expert testimony in a case, finding "expert testimony is not necessary in this case." Id. at *3.  The district court did not find Setcavage unqualified and did not address his proposed testimony in any detail.  Rather, the court found that no expert testimony was needed under Pennsylvania law, given the circumstances of the case.  Testimony from both Setcavage and the opposing expert was excluded. Id. at *6.  Another court's ruling not this topic is not binding on this court. see Soufflas v. Zimmer, Inc., 474 F. Supp. 2d 737, 743 n.3 (E.D. Pa. 2007).  For example, without knowing the exact contents of the proposed testimony or all of the details of the other case, it is difficult to simply apply that holding here.  It may be that counsel for the party retaining Setcavage in the other case decided to prepare the case differently or requested different testimony from him.

Additionally, if the Court did consider rulings from other cases, they would, overall, support denying American Fire's motion.  For example, in two other cases in Pennsylvania, courts denied motions to exclude testimony from Setcavage.  (See Monaghan v. Travelers Prop. Cas. Co. of Am., No. 3:12-cv-1285, (M.D. Pa. July 16, 2014) (attached as Exhibit 4) and Clemens v. New York Central Mut. Fire Ins. Co., No. 3:13-cv-2447 (M.D. Pa. June 15, 2015) (attached as Exhibit

5)).  Notably, in <u>Monaghan</u>, the court distinguished <u>Schifino</u>, finding that Setcavage's experience provided a proper basis for him to testify about industry standards in relation to the claim at issue.

### III.   Conclusion

Stuart Setcavage is qualified to offer relevant, reliable opinions in this case.  His opinions are not inadmissible legal conclusions, and Foster requests that American Fire's motion to exclude him as a witness be DENIED.  To the extent the Court sees fit to limit testimony, it would be appropriate to limit the testimony without excluding the witness entirely, or make rulings as trial progresses.

Respectfully submitted,

/s/ *Philip G. Fairbanks*
M. AUSTIN MEHR
PHILIP G. FAIRBANKS
**Mehr Fairbanks and Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone:  859-225-3731
Facsimile:  859-225-3830
Email:  pgf@austinmehr.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

- **Michael P. Bartlett**
  mbartlett@covingtonky.com,michaelbartlettlaw@gmail.com
- **Robert D. Bobrow**
  rbobrow@bsg-law.com,jdiorio@bsg-law.com
- **John F. Carroll , Jr**
  jcarroll@qpwblaw.com,julie.laemmle@qpwblaw.com,ppainter@qpwblaw.com,catherine.webb@qpwblaw.com
- **Philip G. Fairbanks**
  pgf@austinmehr.com,amlopsc@yahoo.com,kdw@austinmehr.com,shall@austinmehr.com
- **Bartley K. Hagerman**
  bkh@austinmehr.com,amlopsc@yahoo.com,kdw@austinmehr.com,shall@austinmehr.com
- **Michael Scott Jackson**
  mjackson@bsg-law.com,jdiorio@bsg-law.com
- **Heather M. McCollum**
  hmccollum@qpwblaw.com,kymberli.pelfrey@qpwblaw.com,angela.franklin@qpwblaw.com
- **M. Austin Mehr**
  amehr@austinmehr.com,amlopsc@yahoo.com,pgf@austinmehr.com,kdw@austinmehr.com, shall@austinmehr.com
- **Donald L. Miller , II**
  dmiller@qpwblaw.com,vbarringer@qpwblaw.com,dsears@qpwblaw.com,tbreed@qpwblaw.com,samantha.rodriguez@qpwblaw.com,jmccarthy@qpwblaw.com,msleep@qpwblaw.com, wcase@qpwblaw.com,melanie.beebe@qpwblaw.com,hhigginbotham@qpwblaw.com,mgruner@qpwblaw.com,ppainter@qpwblaw.com,jcarroll@qpwblaw.com,ppullen@qpwblaw.com, kimberly.arvin@qpwblaw.com,klomond@qpwblaw.com,nkissel@qpwblaw.com,jahrens@qpwblaw.com,smccoy@qpwblaw.com,angela.franklin@qpwblaw.com,thickerson@qpwblaw.com,hpfaffenberger@qpwblaw.com,mhackworth@qpwblaw.com
- **Paul J. Painter**
  ppainter@qpwblaw.com,dsears@qpwblaw.com,nichole.priddy@qpwblaw.com
- **Erik David Peterson**
  edp@austinmehr.com,amlopsc@yahoo.com,kdw@austinmehr.com,shall@austinmehr.com
- **David G. Richardson**
  richardson@m-r-law.com
- **Robert Estes Stopher**
  rstopher@bsg-law.com,jdiorio@bsg-law.com,jbusse@bsg-law.com

*/s/ Philip G. Fairbanks*_____
PHILIP G. FAIRBANKS