UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| LOLA GADDIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:15-CV-132-HAI |
| | ) | |
| GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, et al., | ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court considers Defendants' motion to exclude expert testimony of Bill Woolums. D.E 74. Fully briefed and evaluated, the motion is denied.

This case began in state court as a claim for underinsured motorist (UIM) benefits by Plaintiff, along with a claim of bad faith in the handling of the UIM portion of the case. Following the settlement of the UIM portion of the case, the bad faith claim remained and was removed to this Court. Discovery is now completed, and trial is scheduled to occur on October 18, 2016.

Plaintiff has disclosed that she intends to present Bill Woolums of Woolums Consulting LLC as an expert witness, and has disclosed his written report, curriculum vitae, list of matters in which he has testified as an expert, and compensation in this case. D.E. 74-1. There is no issue presented concerning the sufficiency of these disclosures under Federal Rule of Civil Procedure 26(a)(2) or Woolums's qualifications.

However, Defendants claim that Woolums's anticipated testimony should be excluded because it will be comprised of impermissible legal conclusions and is directly contradicted by the evidence in the record. Defendants seek to exclude the entirety of Woolums's testimony.

The parties agree that, as the party intending to offer Woolums's testimony, Plaintiff bears the burden to establish that his testimony is admissible, and Plaintiff characterizes the inquiry as whether the evidence is relevant and reliable. *Compare* D.E. 74 at 2-3 *with* D.E. 78 at 2-3. The parties disagree as to whether Plaintiff has done so.

Defendants' first argument is that Woolums's disclosed opinions are essentially merely legal arguments that impermissibly "tell the jury that Defendants violated the law and committed bad faith." Plaintiff contends that Defendants ignore various portions of Woolums's report and that his opinions are nevertheless admissible under Federal Rule of Evidence 704.[1] The Court agrees that Defendants mischaracterize Woolums's report. The report contains a description of materials reviewed, facts analyzed, and opinions held. There are, to be sure, within that opinion section some portions that are conclusory assertions. For instance, Woolums opines that "There was no reasonable basis in law or fact for denying the claim." D.E. 74-1 at 8. If that were the entirety of the opinion offered by Woolums, Defendants would have a point that this is an impermissible legal conclusion. But, elsewhere, Woolums expresses opinions in greater detail. For instance, he states:

> USAA adjuster Jodie Weaver ignored important damage elements in evaluating the UIM Claim of Lola Gaddis wage and impairment to earn [*sic*]. She made a "low ball" offer of $20,000 not providing any explanation for the offer of a compromise settlement even though she had evaluated the UIM case at less than the $100,000 underlying tort limits of State Farm Insurance.

---

[1] Defendants do not address Rule 704 in their motion or adequately address its scope and application in their reply. As a result, and given that the actual testimony is unknown at this point, the Court does not address admissibility under Rule 704.

2

D.E. 74-1 at 9. These opinions are not bare legal conclusions that "simply tell the jury what to do." Thus, even though some opinions expressed by Woolums are somewhat conclusory and, depending upon how they are presented at trial may be objectionable, the entirety of Woolums's opinions are not analogous to the opinions excluded in *Woods v. Lecureaux*, 110 F.3d 1215 (6th Cir. 1997), *Berry v. City of Detroit*, 25 F.3d 1324 (6th Cir. 1994), or *Carneal v. Traveler's Cas. Ins. Of Am.*, Civil Action No. 5:12-CV-00174, 2013 WL 5939879 (W.D. Ky. Nov. 5, 2013). Whether certain specific terms can be utilized by Woolums in his testimony, like the "deliberate indifference" standard at issue in *Woods* and *Berry*, may be addressed by either a motion in limine or ruling at trial, but the possible prohibition on such terms[2] is not a basis to exclude all of Woolums's anticipated testimony.

Next, Defendants contend that Woolums's testimony is not supported by the evidence of record and should therefore be excluded. Defendants' authority, *Greenwell v. Boatwright*, 184 F.3d 492 (6th Cir. 1999), cited in support of this argument is plainly inapplicable. First, in *Greenwell*, the Sixth Circuit held that certain expert testimony **was** properly admitted by the trial court. More importantly, *Greenwell* presented the issue of admissibility of expert opinion at trial that contradicted testimony of other trial witnesses. *See Greenwell*, 184 F.3d at 495. Any ruling on such an issue here is entirely speculative as trial has not yet begun. At this stage, Defendants are telegraphing how they think Woolums's testimony will be contradicted at trial, but that is not a basis to exclude the entirety of his testimony. More likely it is a preview of his cross-examination.

Based upon the foregoing, **IT IS HEREBY ORDERED** that Defendants' Motion to Exclude Expert Testimony of Bill Woolums (D.E. 74) is **DENIED**.

---

[2] Notably, Plaintiff's counsel has indicated that, if the Court finds such specific terms are not allowable, they will tailor Woolums's testimony accordingly. D.E. 78 at 7.

This the 23rd day of August, 2016.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge