In the United States District Court
for the Middle District of Pennsylvania

Clemens et al.                    :
    Plaintiffs                    :    (Case No. 3:13-CV-2447)
                                  :
v.                                :
                                  :    (Judge Richard P. Conaboy)
New York Central Mutual Fire      :
Insurance Company                 :
                                  :
    Defendant.                    :

Order

And now, this 15th day of June, 2015, for the reasons cited in the foregoing Memorandum, IT IS HEREBY ORDERED AND DECREED AS FOLLOWS:

1. Defendant's Motion in Limine Re Law Applicable to Supplementary Underinsured Motorist Claim is denied (Doc. 95);

2. Defendant's Motion in Limine to Preclude Reference to Pennsylvania Insurance Regulations and the Unfair Insurance Practices Act (Doc. 96) is granted;

3. Defendant's Motion Pursuant to Federal Rule of Evidence (Doc. 97) is granted;

4. Defendant's Motion in Limine to Preclude Plaintiffs from Introducing Evidence of Insurance Reserves During Trial (Doc. 100) is denied;

5. Defendant's Motion in Limine Re Relevant Time Frame (Doc. 101) is granted to the extent that the relevant time frame for establishing Plaintiffs' allegations of bad faith will run from June 21, 2011 through June 20, 2014;

6. Defendant's Motion in Limine to Preclude References by Plaintiffs at Trial to Any Compromise Offers or Statements Made During Settlement Negotiations (Doc. 102) is granted;

1

7. Defendant's Motion in Limine to Preclude Plaintiffs from Referencing Any Claims Other Than Plaintiff's Supplemental Underinsured Motorist Claim (Doc. 103) is granted;

8. Defendant's Motion in Limine to Preclude Plaintiffs' Expert from Testifying at Trial (Doc. 104) is denied;

9. Defendant's Motion in Limine to Preclude Plaintiffs' Attorneys From Testifying During Trial (Doc. 105) is held in abeyance for further consideration;

10. Defendant's Motion in Limine to Preclude Reference to Defendant's Counsel's Emails of January 23, 2014 and January 27, 2014 (Doc. 106) is granted;

11. Plaintiffs' Motion in Limine to Preclude Defendant from Introducing Evidence Regarding the Use of Seatbelts (Doc. 107) is granted;

12. Plaintiffs' Motion in Limine to Preclude Mention of the Specifics of Plaintiffs' Settlement Demands or Evaluation of Their Claims (Doc. 108) is held in abeyance;

13. Plaintiffs' Motion in Limine to Compel the Live Testimony in Trial of Certain of Defendant's Employees (Doc. 109) is granted;

14. Plaintiffs' Motion in Limine to Preclude Testimony or other Evidence at Trial of Plaintiffs' Conduct or That of Plaintiffs' Counsel (Doc. 110) is denied; and

15. Defendant's Motion in Limine to Preclude Plaintiffs From Introducing Any Evidence Concerning Mediations and Related Settlement Negotiations (Doc. 111) is granted to the extent that nothing that was said in the mediator's presence shall be admissible at trial.

BY THE COURT

*/s/ Richard P. Conaboy*
Honorable Richard P. Conaboy
United States District Court

2