**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**(At Lexington)**

| | | |
|---|---|---|
| **ERNEST FOSTER,** | : | |
| | : | **Civil Action No. 5:13-cv-426** |
| **Plaintiff,** | : | |
| | : | |
| | : | |
| **v.** | : | **PLAINTIFF'S RESPONSE TO** |
| | : | **DEFENDANT'S INTERROGATORIES** |
| | : | **AND REQUESTS FOR PRODUCTION** |
| **AMERICAN FIRE AND CASUALTY** | : | **OF DOCUMENTS** |
| **COMPANY** | : | |
| | : | |
| **Defendant** | : | |

Comes the Plaintiff, by and through counsel, and for his response to Defendant's Interrogatories and Requests for Production of Documents, states as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please state your full legal name and identify each and every person participating in the answering of this discovery.

**ANSWER:**   Ernest Keith Foster.  Interrogatories have been answered with the assistance of counsel.

**INTERROGATORY NO. 2:** Identify each and every person you may call as an expert witness in this matter, including the date upon which each expert was first contacted, and in addition:

(a) State separately the subject matter upon which each such expert is expected to testify;

(b) State separately the substance of the facts and opinions about which each such expert is expected to testify;

Exhibit 23

(c) State separately a summary of the grounds for each such opinion or conclusion of each expert, including therein information provided to each expert by you or information you know to have been relied upon by each expert; and

(d) Identify all persons who have received copies of any documents prepared by each expert identified above.

**ANSWER:** See previously submitted expert disclosures.

Stuart Setcavage

Mr. Setcavage has been retained to provide expert testimony with respect to insurance claims handling and insurance claims handling practices. He will be called as an expert witness to testify at trial. Mr. Setcavage's opinions, and the basis and reasons for them, are contained in his report, which has been disclosed previously. The documents, facts, and data reviewed by him are listed in the report, and any of those documents, facts, or data may be used as exhibits to support his opinions. Mr. Setcavage's qualifications and list of cases have also been disclosed previously. Mr. Setcavage's rate of compensation for consulting on this case is $375.00 per hour.

Dr. David Jenkinson

Dr. David Jenkinson, an orthopedic surgeon who performed a medical examination of Mr. Foster at the request of the Defendant, will be presented as a witness by playing his video deposition taken on April 29, 2015. Dr. Jenkinson was retained by the Defendant and will testify consistent with his deposition. Mr. Foster's medical records may be used as exhibits in relation to Dr. Jenkinson's testimony.

Dr. Jenkinson is expected to testify that it is highly likely that Mr. Foster will need a knee replacement in the future; about the costs of the knee replacement; that he does not disagree with any of the treatment provided by Dr. Burandt; that Mr. Foster did not have any complaints of knee

2

pain in the medical records before the motor vehicle collision; that Mr. Foster was truthful in his discussions with Dr. Jenkinson; the interpretation of the Mr. Foster's MRI in July 2008; Dr. Jenkinson's rate for performing medical examinations, depositions, and treatment; the frequency of the examinations and depositions; and by whom he is normally hired to perform such examinations.

Dr. David Burandt

Dr. David Burandt, Mr. Foster's treating orthopedic surgeon, will be presented as a witness by playing his video deposition taken on March 16, 2015. Dr. Burandt is a treating physician and was not employed specifically to provide testimony. He will testify about Mr. Foster's injuries, treatment, medical care, and medical costs, consistent with his medical records and bills. Dr. Burandt's medical records and bills may be used as exhibits in relation to Dr. Burandt's testimony.

Consistent with the deposition, Dr. Burandt is expected to testify about his treatment of Mr. Foster's knee injury (and associated back and hip pain) with office visits on July 28, 2008, August 19, 2008, September 23, 2008, February 17, 2009, March 9, 2009, April 13, 2009, June 15, 2009, August 11, 2009, September 29, 2009, October 29, 2009 (surgery), November 10, 2009, December 1, 2009, December 15, 2009, December 28, 2009, January 25, 2010 ("not likely to get better"; "limit his bending, squatting, kneeling, climbing stairs and ladders"), February 23, 2010, April 26, 2010, October 12, 2010, November 23, 2010, February 22, 2011, May 23, 2011, May 31, 2011, December 13, 2011 ("doubtful that he will ever be able to go back to work as a mechanic, given the length of time he has been gone, since he cannot really bend or squat or get on his knees. This all did start out as a result of an injury that he sustained"), March 13, 2012, and October 14, 2014 ("very probable that he will need a joint replacement sometime in his life, although not now").

3

He is expected to testify about the November 25, 2008, letter contained within the medical records.  He is expected to testify about X rays ordered and completed on August 19, 2008, February 17, 2009, November 23, 2010, February 22, 2011, October 14, 2014; MRI testing ordered and completed on July 12, 2008 and February 17, 2009; and work restriction/limitation notes dated November 10, 2009, November 11, 2009, December 28, 2009, January 25, 2010, April 26, 2010, November 16, 2010, November 23, 2010, February 22, 2011, and May 31, 2011.

He is expected to testify and explain that he performed arthroscopic surgery on Mr. Foster's right knee on October 29, 2009.  He is expected to testify that it is very probable that Mr. Foster will need a knee replacement sometime in his life.  He is expected to testify that Mr. Foster's knee treatment was and is a result of the injury sustained in the motor vehicle accident.  He is expected to testify about the billing for his medical treatment.

**INTERROGATORY NO. 3:** Have you ever been involved in a prior or subsequent civil action? If so, please identify the court, case number, judge, nature of claims/defenses involved, whether you were a plaintiff or a defendant; the names of the parties other than yourself, and the current status or outcome of each civil action.

**ANSWER:**   No civil actions.  I was involved in a divorce case in Bath County in approximately 1992.

**INTERROGATORY NO. 4:** Have you ever made a claim, which did not result in litigation, against any person or entity as a result of any injury or disability, including but not limited to, claims for workers' compensation, unemployment compensation, social security benefits, or any form of damages arising from a motor vehicle accident or other personal injury? If so, please state:

(a) The names of all parties involved, the date(s) of the Incident out of which the claim arose, a brief description of the Incident out of which· the claim arose, and the injuries or damages resulting from the Incident;

(b) The name and address of any insurance companies, adjusters, attorneys, or other representatives were involved in said claim, either on your behalf or opposing you; and

(c) Any claim number associated with your claim.

**ANSWER:**     Yes, I have made a claim for Social Security Disability benefits.  Defendant is already in possession of records related to that claim.

**INTERROGATORY NO. 5:** Identify the names, addresses, telephone numbers, and personal relationship to you of all fact witnesses who you plan to call at trial, and provide a brief summary of the subject area you expect each of said witnesses to testify with regard or in connection with this matter.

**ANSWER:**

Ernest Foster – Address: 3301 Morris Creek Road, Stanton, KY 40380; telephone number: (606) 481-0120 (please contact counsel only).  Mr. Foster has information about the motor vehicle collision, his injuries, the claim process, and the damages he has incurred.

Betty Jo Foster - Address: 3301 Morris Creek Road, Stanton, KY 40380; telephone number: (606) 481-0120 (please contact counsel only).  Mrs. Foster likely has information about the motor vehicle collision, his injuries, the claim process, and the damages he has incurred.

Willis Henderson, 570 North Bend Road, Stanton, KY 40380; telephone number: (606) 663-4275.  Mr. Henderson has knowledge of Foster's physical and work capability before and after the accident.

Charles Boyd, 2730 Morris Creek Road, Stanton, KY 40380; telephone number: (606) 454-

5

9488.  Mr. Boyd has knowledge of Foster's physical and work capability before and after the accident.

Dell Sasser, 726 KY Hwy 15 N, Jackson, KY 41339; telephone number: (606) 233-8938. Mr. Sasser has knowledge of Foster's physical and work capability before and after the accident.

James Anderson, 3605 North Fork Road, Stanton, KY 40380; telephone number: (859) 771-9620.  Mr. Anderson has knowledge about Foster's physical and work and capability before and after the accident and about Foster hiring him to take care of yard work at Foster's home.

Medical Professionals who have treated or examined the Plaintiff, including but not limited to Powell County EMS, Atkinson Street, Stanton, KY 40380, (606) 663-0376; Dr. David Burandt, 700 Bob-O-Link Drive, Lexington, KY 40504, (859) 258-8561; Dr. Sam Cecil and Troy Brooks (practitioner with Ertel Medicine), 351 N. Main St., Stanton, KY 40380, (606) 663-2511; Richmond Open MRI, 103 Alycia Dr., Richmond, KY 40475, (859) 626-3412; St. Joseph Hospital, 1 St. Joseph Drive, Lexington, KY 40504, (859) 313-1000, Kroger Pharmacy, 179 W. College, Ave., Stanton, KY 40380, (606) 663-2663; and Dr. Richard Dinardo, 170 Pedro Way, Winchester, KY 40391, (859) 901-1122.  These medical providers likely have information about the Platiniff's medical treatment, injuries, and medical expenses.

Claims handlers for the Defendant American Fire and Casualty Company, including Geoffrey D. Maddox, Joy Walsh Autry, Melissa Dearman, Allan Foster, Mark Konerman, Jay Hatfall, Anthony Dale, and Laura Harp Biven.  These individuals have knowledge of Plaintiff's claim, injuries, and insurance coverage.

Dr. David Jenkinson – doctor employed by Defendant for a medical evaluation of the Plaintiff, has knowledge of the Plaintiff's injuries, as indicated in his deposition.

Nathan Foster – Mr. Foster has knowledge of the Plaintiff's injuries, medical condition

6

before and after the accident, work capacity, and stress and inconvenience caused by the delay in settlement.

**INTERROGATORY NO. 6:** If any treating or consulting physicians, psychiatrists, psychologists, therapists, counselors or other health care practitioners (hereinafter "practitioners") are expected to testify in this action by either evidentiary deposition or live testimony at trial, please identify each such person by name, address and telephone number, and state each subject about which such practitioners will testify and any opinions to which such practitioners will testify and provide a summary of the grounds upon which such opinions are based.

**ANSWER:**   Dr. David Jenkinson and Dr. David Burandt.  See answer to Interrogatory 2.

**INTERROGATORY NO. 7:** With respect to each person identified by you in response to Interrogatory No. 5 above, state what knowledge or information you believe each person possesses.

**ANSWER:**   See answer to Interrogatory 5.

**INTERROGATORY NO. 8:** Identify with particularity each and every fact supporting your averments set forth in paragraph 56 of the First Amended Complaint.

**ANSWER:**   Objection.  This interrogatory is overly broad and unduly burdensome in that it asks for "each and every fact."  Further, it seeks to marshal evidence and to require the plaintiff to provide a written narrative relative to his claims.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan

7

Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Plaintiff was injured on June 8, 2008, and timely notice of his injuries was provided to the Defendant. Plaintiff's UIM claim was not paid until June 2015. Plaintiff provided Defendant with authorizations for the Defendant to gather records relative to his injuries. In May 2010, the Defendant had sufficient records and information to evaluate and pay Plaintiff's UIM claim. The Defendant's records indicate that around that time, internal evaluations from an adjuster and a supervisor valued the Plaintiff's UIM claim in excess of the $100,000 policy limits. Yet no offer was made at that time. No offer was made until May 23, 2011, when the Defendant offered the Plaintiff $4,500. One of the Defendant's adjusters sent an email conveying the $4,500 offer. In the email, the adjuster agreed that Plaintiff was injured, was unable to work, on permanent restrictions, and was unlikely to ever to return to work as a mechanic. However, the email did not explain how or why the Defendant was refusing to consider any future wage loss, any future medical costs, or how it arrived at its figures for all elements of damages. At the time the $4,500 offer was made, the reserve on the claim was set at $100,000.

No additional offers of settlement were made by the Defendant around this time. When the $4,500 was not accepted, the Defendant indicated to Plaintiff that it wanted to send him to a medical examination, but the Defendant never scheduled an examination. Plaintiff had agreed to attend a medical examination. The Defendant also demanded that Plaintiff provide it with

8

additional medical authorizations and authorizations to obtain copies of all of his records contained at the Social Security Administration. The Defendant was provided with the authorizations. The Defendant sent Plaintiff a reservation of rights letter, indicating that it may not make any payment to him at all. The Defendant made no other offers of settlement, and Plaintiff was compelled to institute litigation against the Defendant to recover amounts due to him under the insurance policy.

On June 5, 2014, Dr. Stephanie Barnes prepared a report containing wage loss and lost earning capacity calculations of nearly $300,000. Defendant did not make any offer in response to Dr. Barnes's report, and Dr. William Baldwin, an expert consulted by the Defendant, told the Defendant that the Defendant's own wage loss calculations were too low. It was not until December 2014 that the Defendant made any additional offer of settlement. It offered $10,000. In October 2014, the Defendant sent Plaintiff to a medical examination with Dr. David Jenkinson. It was not until May 2015 that the Defendant agreed to pay $91,500, and it was not until June 2015 that the payment was made. There was no reasonable basis for denying payment of the claim during the time period while the claim was active.

**INTERROGATORY NO. 9:** Identify with particularity each and every fact supporting your averments set forth in paragraph 57 of the First Amended Complaint.

**ANSWER:** Objection. This interrogatory is overly broad and unduly burdensome in that it asks for "each and every fact." Further, it seeks to marshal evidence and to require the plaintiff to provide a written narrative relative to his claims. Without waiving the objections, see response to Interrogatory 8. Further, Plaintiff signed authorizations on July 3, 2008, May 25, 2010, October 16, 2012, October 26, 2012, and June 27, 2014.

**INTERROGATORY NO. 10:** Identify with particularity each and every fact supporting your averments set forth in paragraph 58 of the First Amended Complaint.

**ANSWER:** Objection.  This interrogatory is overly broad and unduly burdensome in that it asks for "each and every fact."  Further, it seeks to marshal evidence and to require the plaintiff to provide a written narrative relative to his claims.  Without waiving the objections, see response to Interrogatory 8.

**INTERROGATORY NO. 11:** Identify with particularity each and every fact supporting your averments set forth in paragraph 59 of the First Amended Complaint.

**ANSWER:** Objection.  This interrogatory is overly broad and unduly burdensome in that it asks for "each and every fact."  Further, it seeks to marshal evidence and to require the plaintiff to provide a written narrative relative to his claims.  Without waiving the objections, see response to Interrogatory 8.

**INTERROGATORY NO. 12:** Identify with particularity each and every fact supporting your averments set forth in paragraph 61 of the First Amended Complaint.

**ANSWER:** Objection.  This interrogatory is overly broad and unduly burdensome in that it asks for "each and every fact."  Further, it seeks to marshal evidence and to require the plaintiff to provide a written narrative relative to his claims.  Without waiving the objections, see response to Interrogatory 8.  Defendant's failure to pay Plaintiff's claim was without reasonable foundation.

**INTERROGATORY NO. 13:** Identify with particularity each and every fact supporting your averments set forth in paragraph 62 of the First Amended Complaint.

**ANSWER:** Objection.  This interrogatory is overly broad and unduly burdensome in that it asks for "each and every fact."  Further, it seeks to marshal evidence and to require the plaintiff to provide a written narrative relative to his claims.  Without waiving the objections, see response to Interrogatory 8.

10

**INTERROGATORY NO. 14:** Identify with particularity each and every fact supporting your averments set forth in paragraph 63 of the First Amended Complaint.

**ANSWER:** Objection.  This interrogatory is overly broad and unduly burdensome in that it asks for "each and every fact."  Further, it seeks to marshal evidence and to require the plaintiff to provide a written narrative relative to his claims.  Without waiving the objections, see response to Interrogatory 8, including the terms of the insurance policy.

**INTERROGATORY N0.15:** Identify with particularity each and every fact supporting your averments set forth in paragraph 64 of the First Amended Complaint.

**ANSWER:** Objection.  This interrogatory is overly broad and unduly burdensome in that it asks for "each and every fact."  Further, it seeks to marshal evidence and to require the plaintiff to provide a written narrative relative to his claims.  Without waiving the objections, see response to Interrogatory 8.  When the policy was sold to the Plaintiff, in exchange for premium payments, Defendant promised to pay any damages to which Plaintiff would be entitled under his PIP and UIM coverage.

**INTERROGATORY NO. 16:** Identify with particularity each and every fact supporting your averments set forth in paragraph 66 of the First Amended Complaint.

**ANSWER:** Objection.  This interrogatory is overly broad and unduly burdensome in that it asks for "each and every fact."  Further, it seeks to marshal evidence and to require the plaintiff to provide a written narrative relative to his claims.  Without waiving the objections, see response to Interrogatory 8.  See also the terms of the insurance policy, which is a "personal automobile" policy issued to Betty Jo and Ernest Foster.  The Plaintiff has incurred litigation costs ($3,406.69), filing fees ($260.76), attorney's fees ($36,600), lost interest, as well as inconvenience (including

11

costs to travel to/from meetings, depositions, court dates, medical examinations, etc.), financial distress, and emotional distress.

**INTERROGATORY NO. 17:** Identify with particularity each and every fact supporting your averments set forth in paragraph 67 of the First Amended Complaint.

**ANSWER:** Objection. This interrogatory is overly broad and unduly burdensome in that it asks for "each and every fact." Further, it seeks to marshal evidence and to require the plaintiff to provide a written narrative relative to his claims. Without waiving the objections, see response to Interrogatory 8. Plaintiff's inconvenience, and emotional and mental pain and suffering includes dealing with the claim process for a number of years; dealing with the litigation process for a number of years; attending meetings with lawyers; preparing for and attending depositions; responding to requests for information; feeling like I was being treated like a criminal; not knowing why the insurance company would not pay my claim; not receiving compensation from the insurance company while I was unable to work and not earning income; having to hire lawyers to file a lawsuit against the insurance company; having to involve my friends and family in the litigation process, which was embarrassing and stressful; making myself available for medical examinations for the insurance company, which was embarrassing and stressful; being unsure of planning for the future with respect to unknown finances because no insurance payment was forthcoming; compounding of the pain and suffering I was dealing with from my physical injuries; feeling like my heart would flop or flutter because of stress.

**INTERROGATORY NO. 18:** Identify with particularity each and every fact supporting your averments set forth in paragraph 69 of the First Amended Complaint.

**ANSWER:** Objection. This interrogatory is overly broad and unduly burdensome in that it asks for "each and every fact." Further, it seeks to marshal evidence and to require the plaintiff

to provide a written narrative relative to his claims.  Without waiving the objections, see response to Interrogatory 8.

**INTERROGATORY NO. 19:** Identify with particularity each and every fact supporting your averments set forth in paragraph 70 of the First Amended Complaint.

**ANSWER:** Objection.  This interrogatory is overly broad and unduly burdensome in that it asks for "each and every fact."  Further, it seeks to marshal evidence and to require the plaintiff to provide a written narrative relative to his claims.  Without waiving the objections, see responses to Interrogatory 8 – 18.

**INTERROGATORY NO. 20:** Identify with particularity each and every fact supporting your averments set forth in paragraph 72 of the First Amended Complaint.

**ANSWER:** Objection.  This interrogatory is overly broad and unduly burdensome in that it asks for "each and every fact."  Further, it seeks to marshal evidence and to require the plaintiff to provide a written narrative relative to his claims.  Without waiving the objections, see response to Interrogatory 8 – 18.

**INTERROGATORY NO. 21:** Identify with particularity each and every fact supporting your averments set forth in paragraph 73 of the First Amended Complaint.

**ANSWER:** Objection.  This interrogatory is overly broad and unduly burdensome in that it asks for "each and every fact."  Further, it seeks to marshal evidence and to require the plaintiff to provide a written narrative relative to his claims.  Without waiving the objections, see response to Interrogatory 8 – 18.

**INTERROGATORY NO. 22:** Identify with particularity each and every fact supporting your averments set forth in paragraph 74 of the First Amended Complaint.

**ANSWER:** Objection.  This interrogatory is overly broad and unduly burdensome in that it asks for "each and every fact."  Further, it seeks to marshal evidence and to require the plaintiff to provide a written narrative relative to his claims.  Without waiving the objections, see response to Interrogatory 8 – 18.

**INTERROGATORY NO. 23:** Identify with particularity each and every fact supporting your averments set forth in paragraph 75 of the First Amended Complaint.

**ANSWER:** Objection.  This interrogatory is overly broad and unduly burdensome in that it asks for "each and every fact."  Further, it seeks to marshal evidence and to require the plaintiff to provide a written narrative relative to his claims.  Without waiving the objections, see response to Interrogatory 8 – 18.

**INTERROGATORY NO. 24:** Identify with particularity each and every fact supporting your averments set forth in paragraph 76 of the First Amended Complaint.

**ANSWER:** Objection.  This interrogatory is overly broad and unduly burdensome in that it asks for "each and every fact."  Further, it seeks to marshal evidence and to require the plaintiff to provide a written narrative relative to his claims.  Without waiving the objections, see response to Interrogatory 8 – 18.

**INTERROGATORY NO. 25:** State, in detail, the amount claimed by you as damages. Include in your answer an itemization of the amount claimed by you for each element and type of damage you are claiming.

**ANSWER:**     Objection.  This request seeks calculations of items of damages that do not have precise calculations.  Plaintiff has answered this interrogatory with the assistance of counsel and will ask the jury to assess damages as it believes from the evidence are due.  Without waiving the objection, Plaintiff states the following amounts.  See also answer to Interrogatory 16.

14

1.   Emotional distress, inconvenience, financial distress, emotional pain and suffering: unliquidated and to be determined by trier of fact, not to exceed $500,000.

2.   Attorney's fees and costs: as determined by the Court after trial under KRS 304.12-235, for the amount incurred in the UIM claim, not to exceed $50,000.

3.   Prejudgment interest: 12% interest as determined by the Court after trial under KRS 304.12-235, not to exceed $68,000.

4.   Prejudgment interest: 8% interest on amounts due under KRS 304.12-235 from date of settlement payment until paid.

5.   Punitive damages: unliquidated and to be determined by the trier of fact, not to exceed $5,000,000.

6.   Attorney's fees and costs: as determined by the Court after trial in relation to fees and costs incurred in the bad faith litigation.

**INTERROGATORY NO. 26:** Please state whether you have ever been in any other motor vehicle accidents or other incidents such as slip and falls, and, if so, provide the details of each accident, date(s) of each accident, and state the location of each accident.

**ANSWER:**   Objection.   This interrogatory exceeds the amount allowed by the Civil Rules.  Without waiving the objection, I fell in approximately 1997 and hurt my left ankle.

**INTERROGATORY NO. 27:** Please sate with particularity the name and address of each and every healthcare provider, physicians, chiropractors, psychologists, therapists and/or any other medical care facility that examined or provided treatment to you in the 15 years prior to the subject Incident of June 8, 2008 and for each person or facility identified, please state the reason for each examination, treatment or medication, the approximate date(s) that each examination, treatment or medication was provided and the nature of each examination, treatment or medication.

**ANSWER:** Objection. This interrogatory exceeds the amount allowed by the Civil Rules. Without waiving the objection, Dr. Sam Cecil in Stanton, Kentucky, and Dr. Jerry Bracket. Defendant should already be in possession of these records.

**INTERROGATORY NO. 28:** Identify the names and addresses of any treating psychiatrists, psychologists, therapists, or other mental health practitioner that you were treated by during the period of June 8, 2008 to current.

**ANSWER:** Objection. This interrogatory exceeds the amount allowed by the Civil Rules. Without waiving the objection, none.

**INTERROGATORY NO. 29:** Are you willing to supplement your answers to the foregoing Interrogatories if information subsequently becomes available?

**ANSWER:** Objection. This set of interrogatories came outside of the discovery deadline. This interrogatory exceeds the amount allowed by the Civil Rules. Without waiving the objection, Plaintiff will supplement to the extent required by the rules or as the Court may deem appropriate.

16

## VERIFICATION

I, _____Ernest Foster_____, have read the foregoing Answers to Interrogatories and, based on reasonable inquiry, I believe that the facts contained therein are true and correct to the best of my knowledge and belief.

_____
**Signature**

_____
**Printed Name**

**COMMONWEALTH OF KENTUCKY**
**COUNTY OF** _____

Subscribed and sworn to before me, a Notary Public, by _____
this __19__ day of _____, 2016.

_____
Notary Public
My Commission Expires: __1-11-19__
My Notary ID: __524007__

17

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** A complete copy of any and all documents supporting your claim for damages as alleged in Paragraphs 58, 60, 61, 62, 66, 67, 68, 69, 70, 75, and 76 of your Amended Complaint.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "any and all documents." It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 2:** All correspondence or other documents relating to communications between you and any agent, employee or representative of the Defendant, American Fire.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "all correspondence or other documents." Further, it seeks documents that are equally available to the Defendant.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the correspondence between Defendant and the plaintiff and/or his wife; communications between counsel for the Plaintiff and counsel for American Fire, which are equally available to American Fire. Please see the documents contained on the attached disk.

**REQUEST NO.** 3: All photographs, videotapes, motion pictures or models of or depicting any information relevant to this lawsuit, including, but not limited to, photographs depicting (i) the scene of the Incident and/or the loss, or (ii) Plaintiff at the scene of the Incident, or (iii) any allegations made by you in your Amended Complaint filed herein.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for things "depicting any information relevant to this lawsuit." Further, it seeks documents that are equally available to the Defendant.

Without waiving these objections, Plaintiff refers the Defendant to the photographs exchanged during the UIM litigation; UIM trial exhibits; Defendant's claim file, including the claim notes made by the Defendant's employees; the correspondence between Defendant and the plaintiff and/or his wife; communications between counsel for the Plaintiff and counsel for American Fire, which are equally available to American Fire. Plaintiff also identifies video depositions, to the extent this request seeks those. Please see the documents contained on the attached disk.

**REQUEST NO. 4:** Up to date *curricula vitae* of all persons whom you expect to call as expert witnesses at the trial of this action.

**RESPONSE:** See June 22, 2016, expert disclosures.

19

**REQUEST NO. 5:** Any and all documents supporting your averments as set forth in paragraph 56, including all subparts, of your Amended Complaint herein.

**RESPONSE:** Objection.  This request is overly broad and unduly burdensome in that it asks for "each and every fact."  It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 6:** Any and all documents supporting your averments as set forth in paragraph 57 of your Amended Complaint herein.

**RESPONSE:** Objection.  This request is overly broad and unduly burdensome in that it asks for "any and all documents."  It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the

20

Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 7:** Any and all documents supporting your averments as set forth in paragraph 58 of your Amended Complaint herein.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "any and all documents." It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents

21

produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 8:** Any and all documents supporting your averments as set forth in paragraph 59 of your Amended Complaint herein.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "any and all documents." It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 9:** Any and all documents supporting your averments as set forth in paragraph 60 of your Amended Complaint herein.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "any and all documents." It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 10:** Any and all documents supporting your averments as set forth in paragraph 61 of your Amended Complaint herein.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "any and all documents." It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan

Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 11:** Any and all documents supporting your averments as set forth in paragraph 62 of your Amended Complaint herein.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "any and all documents." It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

24

**REQUEST NO. 12:** Any and all documents supporting your averments as set forth in paragraph 63 of your Amended Complaint herein.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "any and all documents." It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 13:** Any and all documents supporting your averments as set forth in paragraph 64 of your Amended Complaint herein.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "any and all documents." It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the

Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 14:** Any and all documents supporting your averments as set forth in paragraph 65 of your Amended Complaint herein.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "any and all documents." It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents

26

produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 15:** Any and all documents supporting your averments as set forth in paragraph 66 of your Amended Complaint herein.

**RESPONSE:** Objection.  This request is overly broad and unduly burdensome in that it asks for "any and all documents."  It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 16:** Any and all documents supporting your averments as set forth in paragraph 67 of your Amended Complaint herein.

27

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "any and all documents." It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 17:** Any and all documents supporting your averments as set forth in paragraph 68 of your Amended Complaint herein.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "any and all documents." It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan

Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 18:** Any and all documents supporting your averments as set forth in paragraph 69 of your Amended Complaint herein.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "any and all documents." It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

29

**REQUEST NO. 19:** Any and all documents supporting your averments as set forth in paragraph 70 of your Amended Complaint herein.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "any and all documents." It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 20:** Any and all documents supporting your averments as set forth in paragraph 71 of your Amended Complaint herein.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "any and all documents." It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the

Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 21:** Any and all documents supporting your averments as set forth in paragraph 72 of your Amended Complaint herein.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "any and all documents." It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents

31

produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 22:** Any and all documents supporting your averments as set forth in paragraph 73 of your Amended Complaint herein.

**RESPONSE:** Objection.  This request is overly broad and unduly burdensome in that it asks for "any and all documents."  It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 23:** Any and all documents supporting your averments as set forth in paragraph 74 of your Amended Complaint herein.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "any and all documents." It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 24:** Any and all documents supporting your averments as set forth in paragraph 75 of your Amended Complaint herein.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "any and all documents." It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan

Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 25:** Any and all documents supporting your averments as set forth in paragraph 76 of your Amended Complaint herein.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "any and all documents." It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

34

**REQUEST NO. 26:** All reports, documents, charts, graphs or data compilations prepared by, or which will be relied upon by, any expert or lay witness giving testimony by deposition or appearance at trial.

**RESPONSE:** Objection.  Plaintiff will comply with exhibit list deadlines as directed by the court.  Without waiving the objection, Plaintiff may use the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 27:** All documents supporting your Amended Complaint.

**RESPONSE:** Objection.  This request is overly broad, vague, and does not specifically identify the information it is seeking.  Without waiving the objection, see previous answers to requests.

**REQUEST NO. 28:** All correspondence or other documents or recordings of any kind or media relating to communications between you and any agent, employee or representative of the Defendant, American Fire.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "all correspondence or other documents." Further, it seeks documents that are equally available to the Defendant.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the correspondence between Defendant and the plaintiff and/or his wife; communications between counsel for the Plaintiff and counsel for American Fire, which are equally available to American Fire. Please see the documents contained on the attached disk.

**REQUEST NO. 29:** All documents which support, refer to, relate to or evidence the nature, scope, amount, terms or calculation of any damages claimed by you in this lawsuit.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "all documents which support, refer to, relate to or evidence the nature, scope, amount, terms or calculation of any damages."

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy; UIM out of pocket costs.

36

Please see the documents contained on the attached disk.

**REQUEST NO. 30:** Any and all documents supporting your allegations as set forth in your Amended Complaint that American Fire denied your claim.

**RESPONSE:** Objection.  This request is overly broad and unduly burdensome in that it asks for "any and all documents."  It also seeks documents that are equally available to the Defendant, including but not limited to the Defendant's claim file.

Without waiving these objections, Plaintiff refers the Defendant to the allegations of the Amended Complaint; the Defendant's claim file, including the claim notes made by the Defendant's employees; the personnel performance reviews produced by the Defendant during discovery; the depositions of Laura Harp-Biven, Tony Dale, Ernest Foster, Betty Foster, Nathan Foster, Dr. David Jenkinson, and Dr. David Burandt; Plaintiff's medical records, both before and after the motor vehicle collision; report of Dr. Stephanie Barnes; Defendant's claim manuals and operating guidelines produced during discovery; the expert report and deposition of Stuart Setcavage; correspondence between Defendant and the plaintiff and/or his wife; documents produced during discovery during the UIM litigation; authorizations signed by the plaintiff; Plaintiff's UIM trial exhibits; insurance policy.

Please see the documents contained on the attached disk.

**REQUEST NO. 31:** Any and all photographs showing the damage to the motor vehicles involved in the subject Incident that occurred on June 8, 2008.

**RESPONSE:** See attached photographs.

**REQUEST NO. 32:** All diaries, journals, calendars or other documents in any format in which you documented daily activities from the date of the Incident to the present date.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for information not related specifically to the issues in this case. Without waiving the objection, none.

**REQUEST NO. 33:** If you are making any claim for any psychological, emotional, or mental injury or condition in this lawsuit, produce any and all documents relating to any marital, family, social, psychiatric or psychological counseling or treatment you have received both for the ten (10) years prior to as well as all treatments at any time after the alleged Incident.

**RESPONSE:** All of Plaintiff's medical records during the relevant time period have been provided or made available to the Defendant. Plaintiff has not treated with a psychologist or psychiatrist.

**REQUEST NO. 34:** All statements obtained from any person, in any form, whether oral, written, recorded or otherwise, that relate to the present lawsuit or any issues herein.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome in that it asks for "all statements." This request also potentially invades the work product doctrine. Without waiving the objection, see response to request 2.

**REQUEST NO. 35:** Copies of any and all diagnostic test results or reports in your possession, including MRI's, CT Scans, x-rays, or other tests that you claim are relevant to your damages or injuries sustained as a result of the Incident.

**RESPONSE:** All of Plaintiff's medical records during the relevant time period have been provided or made available to the Defendant.

**REQUEST NO. 36:** Please provide any and all documents you have used to answer the foregoing Interrogatories or which you believe are relevant to the foregoing Interrogatories.

**RESPONSE:** Objection.  This request is overly broad and unduly burdensome in that it asks for "any and all documents."  Without waiving the objection, please see previous answers to interrogatories and requests, which identify specific documents.

**REQUEST NO. 37:** Please provide all repair estimates, written or otherwise, and all repair bills, and describe with particularity any undocumented repair work completed for any claimed damage to the vehicle you were in at the time of the Incident.

**RESPONSE:** None.  The vehicle was totaled.

**REQUEST NO. 38:** Any and all other documents identified, described or relied upon by you in your answers to the foregoing Interrogatories, or which refer or relate to the information sought therein.

**RESPONSE:** Objection.  This request is overly broad and unduly burdensome in that it asks for "any and all documents."  Without waiving the objection, please see previous answers to interrogatories and requests, which identify specific documents.

**REQUEST NO. 39:** A complete and authentic copy of every exhibit you intend to offer into evidence at the trial of this case.

**RESPONSE:** Plaintiff will provide an exhibit list in accordance with the Court's pretrial orders.  Plaintiff may use any document or item referenced herein and any other document or item exchanged during discovery in this or the underlying UIM case.

**REQUEST NO. 40:** A complete and authentic copy of any and all reports, resumes, and curriculum vitae from any and all experts whom you intend to call as witnesses at the trial of this case.

**RESPONSE:** This is a duplicate request.

**REQUEST NO. 41:** Any and all documents, including, any written reports, which state the subject of facts and opinions to which any expert is expected to testify at trial, and which contain a summary of the ground for any such opinion held.

**RESPONSE:** See previous expert disclosures.

Respectfully submitted,

M. AUSTIN MEHR
PHILIP G. FAIRBANKS
Mehr Fairbanks & Peterson Trial Lawyers, PLLC
201 West Short Street, Suite 800
Lexington, KY 40507
Phone: 859-225-3731
Fax: 859-225-3830
pgf@austinmehr.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

This will certify that a true copy of the foregoing was mailed to the following this _____ day of _____ 2016:

Hon. Heather M. McCollum
Quintairos, Prieto, Wood & Boyer
2452 Sir Barton Way, Suite 300
Lexington, Kentucky 40509

Don Miller
Quintairos, Prieto, Wood & Boyer
9300 Shelbyville Road
Suite 400
Louisville, KY 40222

PHILIP G. FAIRBANKS

40