*ELECTRONICALLY FILED*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON
CASE NO.: 5:13-CV-00426-GFTV**

ERNEST FOSTER                                                                                                    PLAINTIFF

v.

AMERICAN FIRE AND CASUALTY COMPANY
                                                                                                                              DEFENDANT

---

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF RESERVES**

---

Defendant, American Fire and Casualty Company ("American Fire"), for its Reply in Support of its Motion *in Limine* to exclude all evidence regarding insurance claim reserves states as follows:

Plaintiff's Response to American Fire's Motion *in Limine* to Exclude Reserves appears to assume relevancy has already been determined. (D.E. 192). Magistrate Judge Weir permitted discovery of reserves, he made no ruling on whether reserves would be admissible as evidence at trial. (D.E. 159). Judge Wier's discovery ruling was based on a Kentucky state case that allowed the discovery of reserve information; however, *Grange* is expressly limited to the discoverability of reserve information and it does not address the admissibility of reserve evidence at trial. *See Grange Mut. Ins. Co. v. Trude,* 151 S.W.3d 803, 813 (Ky.2004). Nor could it in this case governed by the Federal Rules of Civil Procedure and Evidence.

Federal Kentucky Courts sitting in diversity have allowed discovery on reserves, over the carrier's objection, but have expressly cautioned the permitting discovery of reserves does not

1

mean the evidence is admissible at trial. (*See Madison v. Nationwide Mut. Ins. Co.*, 2012 WL 4952135 (W.D. Ky. 2012) (holding, "like many issues in this discovery dispute, the questions of discoverability and admissibility are separate and distinct. It is entirely possible that this Court will eventually determine that the evidence of insurance reserves is inadmissible.) Reserve evidence has no tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" Fed. R. Evid. 401.

## Reserves are Irrelevant

"Reserve" is a defined term in Insurance. Reserves are required to be set under Kentucky statutory and regulatory law to assure the liquidity of a carrier. KRS 304.6-100; 806 KAR 6:090. Reserves are an accounting/regulatory function. Nothing more. There is not now, nor has there ever been any allegation by the Plaintiff that American Fire somehow failed to comply with Kentucky statutory and regulatory law to set a reserve. Likewise, there has been no allegation by Kentucky's Commissioner of Insurance that American Fire failed to comply with its statutory duties to set and maintain reserves in this matter. Finally, reserve information is irrelevant because a "reserve cannot accurately or fairly be equated with an admission of liability or the value of a particular claim." *In re Couch*, 80 B.R. 512, 517 (S.D. Cal. 1987), citing *Union Carbide Corp. v. Travelers Indemnity Co.*, 61 F.R.D. 411, 413 (W.D. Pa. 1973).

As further evidence that Reserves have no bearing on this case, reserves were changed as additional information became available and as the evidence developed concerning damages. In particular, reserves were changed following Dr. Jenkinson's testimony where his testimony under oath was inconsistent with his prior written report outlining his medical opinions. Dr. Jenkinson's new opinions that were both inconsistent and contrary to his prior written opinions

2

resulted in a change of the reserve. This change was based on new information concerning damages. When a change to a reserve is based on new evidence concerning damages, reserve information is inadmissible. *See Madison v. Nationwide Mut. Ins. Co.*, 2012 WL 4952135 (W.D. Ky. 2012) (noting, "In *Meador v. Indiana Ins. Co.*, 2007 WL 1098208 (W.D. Ky.), this Court determined that evidence of reserves was not admissible because the facts were clear that the reserves were changed because of new evidence regarding damages, not liability.")

Finally, reserve information is irrelevant based on Plaintiff's own proffered expert, Stuart Setcavage, deposition testimony. Setcavage testified "a reserve is an accounting function required by each state Department of Insurance that an insurance company has to report in the aggregate its exposure to the totality of the claims it's facing so that the Department of Insurance can monitor liquidity." (S. Setcavage, Dep., D.E. 188-9, 7/26/16, p.74, lines 9-15). Even using Plaintiff's expert's definition and purpose of reserves, it is clear that reserves have no bearing on this matter and should be excluded.

Moreover, in considering whether reserve amounts are admissible, Courts have found "[T]he probative value [of the reserve], if any, is substantially outweighed by its prejudicial aspects." *Federal Realty Investment Trust v. Pacific Ins. Co.*, 760 F. Supp. 533, 540 (D. Md. 1991). This is true even in first-party bad faith claims where the underlying claim was a claim for Underinsured Motorist Benefits (UIM). *See Light v. Allstate Ins. Co.*, 48 F. Supp. 615 (S.D. W.Va. 1998). Like the instant case, the *Light* case involved a bad faith cause of action stemming from a first party bad faith claim. The Court found that reserve evidence probative value was outweighed by its prejudicial impact and excluded any evidence of reserves. In reaching its decision, the Court cited *Fed. Realty Inv. Trust v. Pacific Ins. Co.*, 760 F. Supp. 533, 540 (D. Md. 1991) that, "reserves decisions are mere guesses at the outcome of litigation based on

conservative accounting principles" in excluding reserve information on the grounds that the probative value was substantially outweighed by the prejudicial aspects. *Id.*

The danger of prejudice to American Fire is a real concern due to the possibility of some artificial importance being attached to the reserve number by members of the jury. Even Plaintiff's own proffered expert agrees that a reserve is simply an accounting function. Thus, it is clear the purpose of reserve information can only be intended to be utilized by the Plaintiff in an effort to confuse the jury, but in any event, the probative value is substantially outweighed by prejudice. Reserves have no meaning or importance to this case. The underlying UIM dispute was based on a difference in valuation of the UIM claim. As additional evidence became available, the evaluation changed.

As the Supreme Court of Colorado in *Silva v. Basin Western, Inc.*, 47 P.3d 1184 (Col. 2002) noted:

> A common misconception is that an insurer's loss reserves are the same as settlement authority. They are not. The main purpose of a loss reserve is to comply with statutory requirements and to reflect, as accurately as possible, the insured's potential liability. It does not automatically authorize a settlement at that figure … Reserve amounts are only partially within the insurer's control… The reserves must also reflect all potential claim expenses and any claim the insurer undertakes to defend since the insurer will have claim handling expenses, including attorney fees and court costs.

Id. 1189.

As such, it is difficult to understand Plaintiff's argument that "the primary basis for exclusion of reserve evidence is because it would be unfavorable to American Fire." (DE 192-Response, page 2). It is immaterial.

Wherefore, American Fire respectfully asks that all evidence of reserves including any testimony concerning reserves be excluded from the trial of this action.

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

/s/ Donald L. Miller, II_____
Donald L. Miller, II, Esq.
Paul J. Painter, Esq.
9300 Shelbyville Road, Suite 400
Louisville, KY  40222
Telephone: 502.423.6390
Facsimile: 502.423.6391
dmiller@qpwblaw.com

-and-

Heather M. McCollum, Esq.
2452 Sir Barton Way, Suite 300
Lexington, KY  40509
Telephone: 859.226.0057
Facsimile: 859.226.0059
hmccollum@qpwblaw.com
*Counsel for Defendant*
*American Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

     I hereby certify that on October 18, 2016, I electronically filed the foregoing Notice with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Donald L. Miller, II_____
*Counsel for Defendant*
*American Fire and Casualty Company*