*ELECTRONICALLY FILED*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON
CASE NO.: 5:13-CV-00426-GFTV**

ERNEST FOSTER                                                                                           PLAINTIFF

v.

AMERICAN FIRE AND CASUALTY COMPANY                                         DEFENDANT

---

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO
EXCLUDE THE EXPERT TESTIMONY OF STUART J. SETCAVAGE,
PURSUANT TO *DAUBERT v. MERRELL DOW PHARMACEUTICALS. INC***

---

Defendant, the American Fire and Casualty Company ("American Fire"), submits this Reply in Support of Motion to exclude the opinions of Plaintiff's expert, Stuart J. Setcavage, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc*. The majority of Plaintiff's Response fails to address the heart of American Fire's motion – that Mr. Setcavage attempts to apply legal standards and incorrect ones at that. The Court needs no help instructing the law. The strict standard in Kentucky for bad faith claims was set forth in *Wittmer v. Jones*, 864 S.W.2d 885, (Ky.1993), and reiterated by the Supreme Court of Kentucky as recently as September 2016 in *Hollaway v. Direct General Ins. Co. of Miss., Inc.*, 2014-SC-000758-DG, 2016 WL 5245694 (Ky. Sept. 22, 2016).

**A.  PLAINTIFF'S EXPERT APPLIED THE INCORRECT STANDARD**

The reasonableness consideration discussed in *Farmland Mut. Ins. Co. v. Johnson*, 36 S.W.3d 368 (Ky. 2000), is not Kentucky law. *See Phelps v. State Farm Mut. Auto. Ins. Co.*, 736 F.3d 697, 705 (6th Cir. 2012) (internal citations omitted) ("We acknowledge that the Kentucky

1

cases still recognize *Wittmer*'s punitive-damages standard…") The Kentucky Supreme Court very recently reiterated this high burden for bad faith stating "Kentucky law still imposes a tall burden of proof on plaintiffs seeking to recover on a theory of bad faith." *Hollaway*, 2016 WL 5245694 (Ky. Sept. 22, 2016).

Ignoring that Kentucky does not have a negligence standard for bad faith Plaintiff's "expert" reviewed the matter through the lens of what "an ordinary prudent insurance company should do in like or similar circumstances" – an inquiry wholly immaterial to the bad faith inquiry under Kentucky law. (*See* S. Setcavage, Dep., 07/26/16, 9:21-25, D.E. 188-9). Mr. Setcavage testified in his deposition that he based his expert opinions upon a "standard of good industry practice and procedure," as well as "the minimum standard" set by the Unfair Claims Settlement Practices Act ("UCSPA"). (*Id*. at 9:17-20; 40:1-25). Mr. Setcavage reviewed the file materials "to see if the actions of American Fire [] conformed with the industry standard." (*Id*. at 13:17-22; *see also id.* at 29:13-16). In his report, Mr. Setcavage stated the Model Unfair Claims Settlement Practices Act, adopted by Kentucky, "only serves to set forth the *minimum* acceptable claims standards for insurer conduct." (*Id*. at 31:4-25; *see also* Setcavage Report, 06/22/16, p. 5, Exhibit 1 to his deposition) (emphasis in original).

Plaintiff argues Kentucky law is similar to the model act. However, the Act states the following:

> The purpose of this Act is to set forth standards for the investigation and disposition of claims arising under policies or certificates of insurance issued to residents of [insert state]. It is not intended to cover claims involving workers' compensation, fidelity, suretyship or boiler and machinery insurance. **Nothing herein shall be construed to create or imply a private cause of action for violation of this Act.**

2

> **Drafting Note: A jurisdiction choosing to provide for a private cause of action should consider a different statutory scheme. This Act is inherently inconsistent with a private cause of action.**

(*See* Model UCSPA, § 1, p. 1, D.E. 188-12).

Plaintiff's claims Rule 702 "does not require anything approaching certainty," (citing *Tamraz v. Lincoln Elec. Co.*, 520 F.3d 665, 771 (6th Cir. 2010)), but the court in *Tamraz* also stated "so long as there is a line, some forms of testimony may cross it, and that happened here." *Id.* (excluding expert opinion for being too speculative). Mr. Setcavage, at bottom line, simply wants to give his 20/20 hindsight on how he wishes the claim were handled.

### B. PLAINTIFF'S EXPERT ADMITTED AMERICAN FIRE NEVER DENIED THE CLAIM

Again ignoring Kentucky law, Mr. Setcavage said he believed, "A delay in payment is the equivalency of a denial [of payment]." (*See* S. Setcavage, Dep., 07/26/16, 7:10-16, D.E. 188-9). Although Mr. Setcavage admits American Fire never denied the existence of coverage, he did know that Philadelphia Indemnity denied the existence of the coverage and then went back rescinding the denial. (*Id.* at 7:17 to 8:2). Mr. Setcavage admits there was no technical breach of the insurance contract. (*Id.* at 117:2-11).

Although Plaintiff attempts to rehabilitate his expert by stating Plaintiff does not have to prove a denial of his claim, he is incorrect based on a review of the case law he cited in his support. *See Ellis v. Arrowood Indem. Co.*, 2015 WL 20613936 at *5-6 (E.D. Ky. April 30, 2015). This Court in *Ellis* distinguished the requirement of a denial based on the UCSPA provisions at issue in *Wittmer* as opposed to the provisions at issue in *Ellis*. *Id.* at *5. This Court stated:

> That *Wittmer* wrote in terms of "denial" merely reflected the UCSPA provisions at issue in the case. In *Wittmer*, the plaintiff asserted claims under UCSPA subsections (4) ("Refusing to pay claims without conducting a reasonable investigation ....") and (14) ("Failing to promptly provide reasonable explanation

3

of the basis ... for denial of a claim...."). 664 S.W.2d at 887, 889. *Wittmer* does not even mention the primary subsection at issue in this case, subsection (6) ("Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear."). So it should not be surprising that Wittmer wrote in terms of "denying" claims.

*Id*. However, Mr. Foster alleges violations by American Fire of the exact same provisions at issue in *Wittmer*. *See* Amended Complaint, D.E. 26, p. 7 (alleging "Defendants have violated the [USCPA] as set forth in KRS 304.12-230 because they … refused to pay claims without conducting a reasonable investigation … [and] failed to promptly provide a reasonable explanation of the basis … for denial of Plaintiff's claim.") Therefore, Plaintiff is incorrect – he must prove American Fire denied his claim to succeed on his claim where he is alleging American Fire violated the exact same provisions the *Wittmer* court addressed.

### C. PLAINTIFF'S EXPERT OPINION IS INCONSISTENT WITH THE FACTS

Noticeably lacking from Mr. Setacage's report is any mention of Dr. Jenkinson's IME or subsequent change of position in his deposition. (*See id*. at 90:1-8; *see also* Setcavage Report, 06/22/16, Exhibit 1 to his deposition). In fact, Mr. Setcavage accused American Fire of going from an offer of $10,000 to $91,500 "without really any new information." (*Id*. at 97:1-11). Mr. Setcavage also admitted people can disagree on the value of a claim "as long as they're reasonable" (*See* S. Setcavage, Dep., 07/26/16, 72:25-73:6, D.E. 188-9) and said that he himself has "increase[d] reserves on a claim when … additional proof comes in or the proof changes." (*Id*. 73:7-74:5).[1] In the end, Plaintiff's expert Setcavage said an insurance company "should pay exactly what is owed" but admits overpayment affects the premiums of other insurance pool members. (*Id*. 86:11-20).

---

[1] Plaintiff's expert is critical of American Fire's "reserving" of the claim. However, reserves are not even admissible evidence. The admissibility of reserves is the subject of a pending motion. *See* Motion *in limine* to Exclude Evidence of Reserves, D.E. 190, 09/14/16.

## CONCLUSION

In sum, excluding the opinions, testimony, and report of Mr. Setcavage is proper under this Court's gatekeeping role, as Mr. Setcavage's opinions, testimony, and report were not based upon sufficient facts or data, and were not the product of reliable principles and methods as applied to the fact as they exist, and did not find any basis in the applicable and controlling law of bad faith in Kentucky.  Further, the probative value of Mr. Setcavage's opinions, testimony, and report are substantially outweighed by the danger of undue prejudice.

WHEREFORE, American Fire respectfully requests that the Court grant its Motion to exclude the opinions, testimony, and report of Stuart J. Setcavage.

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

/s/ Donald L. Miller, II
Donald L. Miller, II, Esq.
Paul J. Painter, Esq.
9300 Shelbyville Road, Suite 400
Louisville, KY  40222
Telephone: 502.423.6390
Facsimile: 502.423.6391
dmiller@qpwblaw.com

-and-

Heather M. McCollum, Esq.
2452 Sir Barton Way, Suite 300
Lexington, KY  40509
Telephone: 859.226.0057
Facsimile: 859.226.0059
hmccollum@qpwblaw.com
*Counsel for Defendant*
*American Fire and Casualty Company*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 18, 2016, I electronically filed the foregoing Notice with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

          /s/ Donald L. Miller, II
          *Counsel for Defendant*
          *American Fire and Casualty Company*