**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**(At Lexington)**

| | | |
|---|---|---|
| **ERNEST FOSTER,** | : | |
| | : | Civil Action No. 5:13-cv-426 |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **PLAINTIFF'S SUR-REPLY TO** |
| | : | **DEFENDANT'S REPLY (199)** |
| | : | |
| **AMERICAN FIRE AND CASUALTY** | : | |
| **COMPANY** | : | |
| | : | |
| **Defendant** | : | |

Comes the Plaintiff, and for his sur-reply to Defendant American Fire and Casualty Company's Reply in support of its Motion for Summary Judgment (DE 199), offers the following:

American Fire raises in its reply brief a new argument that "all pre-suit allegations are barred." (DE 199, p. 7). While this argument does not appear to be of great importance to American Fire, raising it for the first time briefly at the end of its reply, the gravity of the relief sought by it requires a sur-reply.

First, the Court should not consider this argument because it was raised for the first time in a reply brief. see Seay v. TVA, 339 F.3d 454, 481-82 (6th Cir. 2003).

Second, if the Court does consider the substance of the argument, it is without merit anyway. While American Fire argues that Foster should have brought forward all claims he had against American Fire in this same civil action, that is exactly what has happened. Foster's operative Amended Complaint contains claims both for UIM benefits and for the pending claims of bad faith, violations of the Unfair Claims Settlement Practices Act, and violations of the

1

Consumer Protection Act.  Before any judgment was entered in this case, Foster moved for leave to amend his complaint under Civil Rule 15.  The Amended Complaint relates back to the date the initial complaint was filed in November 2013. FRCP 15(c).

Nonetheless, American Fire suggests, "Plaintiff's bad faith claims, if any, should have been alleged in his initial Complaint filed in November 2013." (DE 199, p. 7).  It argues that Plaintiff's pre-suit allegations are collaterally estopped based on claim preclusion.  But for claim preclusion to apply, there must be a final judgment in an earlier action, and then a second "subsequent action."  There is no final judgment, and there is no subsequent action.  "[F]or a party to invoke claim preclusion, there must be a final judgment and a *subsequent* litigation.  That is, 'res judicata does not speak to direct attacks in the same case, but rather has application in subsequent actions.'" Waste Mgmt. of Ohio, Inc. v. City of Dayton, 169 Fed. Appx. 976, 984 (6th Cir. 2006) (emphasis added) (quoting Rezzonico v. H & R Block, Inc., 182 F.3d 144, 148 (2d Cir. 1999)); see also Arizona v. California, 460 U.S. 605, 619 (1983) (res judicata does not apply within same proceeding); GMAC Mortg., LLC v. McKeever, 2010 U.S. Dist. LEXIS 95968, at *10 (E.D. Ky. Sept. 13, 2010) (res judicata did not apply to case that was ongoing).

This case does not present the same issue that arose with respect to res judicata in Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521 (6th Cir. 2006).  There, a claimant filed a lawsuit for UIM benefits.  The UIM case proceeded to a final judgment.  After the UIM case was finally resolved, the claimant filed a second lawsuit alleging claims of bad faith against Liberty Mutual.  The bad faith claims had not been made part of the first civil action.  Here, Foster has filed his claims exactly as contemplated by Rawe, asserting the bad faith claims in the same civil action as the UIM case before the UIM case was resolved and before final judgment.  There simply is no issue with respect to res judicata.

American Fire also argues, citing a Kentucky case, <u>Hays v. Sturgill</u>, 302 Ky. 31, 193 S.W.2d 648 (Ky. 1946), that a plaintiff may not "split up his cause of action and have it tried piecemeal." It does not elaborate on this position because American Fire is actually the party that asked the Court to bifurcate and stay Foster's bad faith claims, pending resolution of the UIM claims. The Court granted American Fire's requested relief in that regard (DE 45), and American Fire's position that Plaintiff has "split" a cause of action is unavailing.

Respectfully submitted,

/s/ *Philip G. Fairbanks*
M. AUSTIN MEHR
PHILIP G. FAIRBANKS
**Mehr Fairbanks and Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone:  859-225-3731
Facsimile:  859-225-3830
Email:  pgf@austinmehr.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

- **Michael P. Bartlett**
  mbartlett@covingtonky.com,michaelbartlettlaw@gmail.com
- **Robert D. Bobrow**
  rbobrow@bsg-law.com,jdiorio@bsg-law.com
- **John F. Carroll , Jr**
  jcarroll@qpwblaw.com,julie.laemmle@qpwblaw.com,ppainter@qpwblaw.com,catherine.webb@qpwblaw.com
- **Philip G. Fairbanks**
  pgf@austinmehr.com,amlopsc@yahoo.com,kdw@austinmehr.com,shall@austinmehr.com
- **Bartley K. Hagerman**
  bkh@austinmehr.com,amlopsc@yahoo.com,kdw@austinmehr.com,shall@austinmehr.com
- **Michael Scott Jackson**
  mjackson@bsg-law.com,jdiorio@bsg-law.com
- **Heather M. McCollum**
  hmccollum@qpwblaw.com,kymberli.pelfrey@qpwblaw.com,angela.franklin@qpwblaw.com
- **M. Austin Mehr**
  amehr@austinmehr.com,amlopsc@yahoo.com,pgf@austinmehr.com,kdw@austinmehr.com, shall@austinmehr.com
- **Donald L. Miller , II**
  dmiller@qpwblaw.com,vbarringer@qpwblaw.com,dsears@qpwblaw.com,tbreed@qpwblaw.com,samantha.rodriguez@qpwblaw.com,jmccarthy@qpwblaw.com,msleep@qpwblaw.com, wcase@qpwblaw.com,melanie.beebe@qpwblaw.com,hhigginbotham@qpwblaw.com,mgruner@qpwblaw.com,ppainter@qpwblaw.com,jcarroll@qpwblaw.com,ppullen@qpwblaw.com, kimberly.arvin@qpwblaw.com,klomond@qpwblaw.com,nkissel@qpwblaw.com,jahrens@qpwblaw.com,smccoy@qpwblaw.com,angela.franklin@qpwblaw.com,thickerson@qpwblaw.com,hpfaffenberger@qpwblaw.com,mhackworth@qpwblaw.com
- **Paul J. Painter**
  ppainter@qpwblaw.com,dsears@qpwblaw.com,nichole.priddy@qpwblaw.com
- **Erik David Peterson**
  edp@austinmehr.com,amlopsc@yahoo.com,kdw@austinmehr.com,shall@austinmehr.com
- **David G. Richardson**
  richardson@m-r-law.com
- **Robert Estes Stopher**
  rstopher@bsg-law.com,jdiorio@bsg-law.com,jbusse@bsg-law.com

*/s/ Philip G. Fairbanks*_____
PHILIP G. FAIRBANKS